[844 NE2d 753, 811 NYS2d 299]

QURRISE C. HARRIS, Appellant, v NIAGARA FALLS BOARD OF EDU-CATION et al., Respondents.

Argued January 4, 2006; decided February 14, 2006

## POINTS OF COUNSEL

*Nicholas, Perot, Smith, Bernhardt & Zosh, P.C.,* Akron (*Craig H. Bernhardt* of counsel), for appellant. I. This lawsuit was properly commenced. (*Matter of Fry v Village of Tarrytown,* 89 NY2d 714; *Fallarino v Board of Educ. of Long Beach City School Dist.,* 160 Misc 2d 682; *Matter of Gershel v Porr,* 89 NY2d 327; *Nikolaidis v Makita Corp.,* 242 AD2d 322; *Forsythe-Kane v Town of Yorktown,* 228 AD2d 548; *Tufano v Tufano,* 220 AD2d 407; *Cellular Tel. Co. v Village of Tarrytown,* 209 AD2d 57; *Chira v Global Med. Review,* 160 Misc 2d 368.) II. Under the present circumstances, failure to pay a fee for an index number is not so grievous a defect as to mandate dismissal where the summons and complaint were filed and date stamped by the County Clerk's Office. (*Rybka v New York City Health & Hosps. Corp.,* 263 AD2d 403; *Ruiz v New York City Hous. Auth.,* 216 AD2d 258; *Matter of Gershel v Porr,* 89 NY2d 327; *Otero v New York City Hous. Auth.,* 94 NY2d 800.)

*Sliwa & Lane,* Buffalo (*Stanley J. Sliwa* and *Barbara A. Sherk* of counsel), for respondents. I. The Appellate Division, Fourth Department, correctly determined that the action was not timely commenced. (*Matter of Fry v Village of Tarrytown,* 89 NY2d 714; *Matter of Mendon Ponds Neighborhood Assn. v Dehm,* 98 NY2d 745; *Matter of Gershel v Porr,* 89 NY2d 327; *Otero v New York City Hous. Auth.,* 94 NY2d 800; *Brill v City of New York,* 2 NY3d 648; *Miceli v State Farm Mut. Auto. Ins. Co.,* 3 NY3d 725; *Ruiz v New York City Hous. Auth.,* 216 AD2d 258; *Rybka v New York City Health & Hosps. Corp.,* 263 AD2d 403; *Matter of Spodek v New York State Commr. of Taxation & Fin.,* 85 NY2d 760.) II. The statute of limitations expired and Qurrise Harris' failure to timely commence does not require the showing of prejudice. (*Railroad Telegraphers v Railway Express Agency, Inc.,* 321 US 342; *Perez v Paramount Communications,* 92 NY2d 749; *Blanco v American Tel. & Tel. Co.,* 90 NY2d 757.)

## OPINION OF THE COURT

GRAFFEO, J.

Plaintiff did not comply with the commencement-by-filing

system when he commenced this personal injury action using an index number from a prior special proceeding. Because defendants timely objected to plaintiff's failure to purchase a new index number, the Appellate Division properly dismissed the complaint.

On May 2, 2002, plaintiff Qurrise Harris allegedly sustained injuries when a vehicle driven by defendant Carmen Granto, Jr. and owned by either defendant Niagara Falls Board of Education or defendant Niagara Falls City School District struck him while he was riding his bicycle. Since plaintiff did not serve a notice of claim on the school board or school district within 90 days of the accident (*see* General Municipal Law §§ 50-e, 50-i), plaintiff commenced a special proceeding in April 2003 requesting leave to serve a late notice of claim (*see* General Municipal Law § 50-e [5]). In connection with such application, plaintiff's counsel paid a filing fee to obtain an index number. In June 2003, Supreme Court granted plaintiff's application to the extent that plaintiff was permitted to file and serve a notice of claim on the City of Niagara Falls.

Plaintiff thereafter retained different counsel, who brought a second proceeding for leave to serve a late notice of claim against the school board and school district. Supreme Court granted plaintiff's application, which bore the same index number as the earlier application, and required plaintiff to serve the notice of claim and commence the personal injury action by July 30, 2003. Before this deadline, plaintiff filed and served the notice of claim. He then immediately initiated this action against the school board, the school district and the driver of the vehicle by filing a summons and complaint with the Niagara County Clerk's Office. Plaintiff, however, used the same index number as assigned to the previous late notice of claim applications.

Soon after, defendants moved to dismiss the complaint pursuant to CPLR 3211 as time-barred, claiming that plaintiff's failure to purchase a new index number resulted in the action not having been properly commenced prior to expiration of the statute of limitations. Plaintiff opposed the motion and alternatively sought leave to purchase a new index number. Relying on *Otero v New York City Hous. Auth.* (94 NY2d 800 [1999]), Supreme Court denied defendants' motion. The Appellate Division reversed and dismissed the complaint, holding that Supreme Court lacked subject matter jurisdiction because the action was not properly commenced in the absence of a new index number. We granted plaintiff leave to appeal and now affirm, but for a different reason.

Pursuant to the commencement-by-filing system, a party initiates an action or special proceeding by paying the necessary fee, obtaining an index number and filing the initiatory papers—a summons and complaint or a summons with notice in an action, or a petition in a special proceeding—with the clerk of the court (*see* CPLR 304, 306-a; *see also Matter of Mendon Ponds Neighborhood Assn. v Dehm*, 98 NY2d 745, 747 [2002]). Under the procedure mandated by the CPLR, "service of process without first paying the filing fee and filing the initiatory papers is a nullity, the action or proceeding never having been properly commenced" (*Matter of Gershel v Porr*, 89 NY2d 327, 330 [1996]).

In *Gershel*, the petitioner commenced a CPLR article 78 proceeding by paying the filing fee, securing an index number and filing the initiatory papers. In response to the respondent's motion to dismiss for improper service, the petitioner voluntarily withdrew the order to show cause and decided to begin anew. The petitioner then served the petition on respondent, together with a notice of petition, but did not file the new set of initiatory papers with the clerk or pay a filing fee for a new index number. We concluded that the respondent was entitled to dismissal of the proceeding because the petitioner was required to comply with each of the statutory filing requirements once he decided to bring a new proceeding. Thus, "the new proceeding was never properly commenced and the attempted service was a nullity" (*id.* at 332).

We made clear in *Matter of Fry v Village of Tarrytown* (89 NY2d 714 [1997]) that a defect in compliance with the commencement-by-filing system does not deprive a court of subject matter jurisdiction and, accordingly, is waived absent a timely objection by the responding party. In *Fry*, the petitioner did not fulfill the filing requirements when, after paying the filing fee, he filed an unexecuted order to show cause and petition with the clerk of the court. After examining the language and purpose of the filing provisions, we determined that the trial court had improperly dismissed the proceeding sua sponte because the respondents had waived any objection to the defective filing by appearing in the proceeding and litigating its merits without raising an objection. Significantly, we reaffirmed *Gershel*, stating that "[s]trict compliance with CPLR 304 and the filing system is mandatory, and the extremely serious result of noncompliance, so long as an objection is timely raised by an appearing party, is outright dismissal of the proceeding" (*id.* at 723).

*Gershel* and *Fry* strike a balance between the competing interests of opposing parties in the commencement process. As Professor Siegel has observed, "[p]laintiffs and petitioners are deterred from casualness by being put on notice that the technical requirements will be strictly construed, while defendants and respondents are warned that if they want to capitalize on technicalities they must mind their own procedures" (Siegel, NY Prac § 63, at 94 [4th ed]). A court should dismiss an action or proceeding only where the plaintiff or petitioner does not fulfill all the filing requirements *and* the defendant or respondent timely objects.

Here, after plaintiff successfully applied for leave to serve a late notice of claim in a separate special proceeding, he was required to comply with the filing requirements in commencing this personal injury action by paying a filing fee, obtaining a new index number, and filing the summons and complaint. Instead, plaintiff did not pay the fee and used the index number from the previously concluded special proceeding. Having failed to comply with the requirements of CPLR 304 and 306-a, plaintiff's action was subject to dismissal. Contrary to the Appellate Division's determination that Supreme Court lacked subject matter jurisdiction, plaintiff's failure to pay the filing fee is a commencement infirmity that is waivable. The Appellate Division, however, correctly dismissed the complaint inasmuch as defendants timely objected to plaintiff's defective filing in their pre-answer motion to dismiss (*see Fry*, 89 NY2d at 723).

*Otero* does not dictate a contrary result. In that case, the plaintiff similarly failed to comply with the filing requirements by commencing an action in 1994 using an index number from a prior late notice of claim application. We affirmed the denial of the motion to dismiss where, among other things, the defendant did not object to the plaintiff's filing deficiency until 1997, after the plaintiff had purchased a new index number at the County Clerk's request (94 NY2d at 801). Here, in contrast to *Otero*, defendants timely raised the proper objection.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT and R.S. SMITH concur; Judge READ taking no part.

Order affirmed, with costs.