OPINION OF THE COURT
Gary F. Knobel, J.
Motion by the plaintiff for an order granting summary judgment in his favor is denied. The branch of defendant’s cross motion for an order dismissing the complaint on the ground of lack of personal jurisdiction due to plaintiffs noncompliance with *313 Uniform District Court Act § 400 is granted. The branch of defendant’s cross motion for an order changing the venue of this action and the counterclaims to Erie County is denied as there was never a valid action pending in this court.
The plaintiffs verified complaint dated November 10, 2005, alleging fraud and violations of General Business Law § 349, was served that same day on defense counsel by facsimile and regular mail. On December 9, 2005, defendant’s attorneys executed a statement of service by mail but did not acquiesce or submit “to jurisdiction or venue.” On December 30, 2005, the defendants served an answer with an affirmative defense of lack of personal jurisdiction. On February 3, 2006, the plaintiff purchased an index number and filed not only his summons and complaint, but also the plaintiffs verified answer to defendant’s counterclaims.
Uniform District Court Act § 400 outlines the method in which an action or special proceeding is commenced in District Court. Prior to September 8, 2005, an action was commenced by the service of a summons and complaint on the defendant. Effective September 8, 2005, an action was required to be commenced by filing a summons and complaint with the clerk of the court and paying any necessary fee to the clerk. Section 400 states in relevant part:
“1. An action is commenced in this court by filing a summons and complaint . . . For purposes of this section, and for purposes of section two hundred three of the civil practice law and rules, filing shall mean the delivery of the summons and complaint ... to the clerk of the court in the district in which the action ... is brought together with any fee required by section nineteen hundred eleven of this act. At the time of filing, the original and a copy of the papers shall be date stamped by the court clerk who shall file the original and maintain a record of the filing and shall return the copy to the party who brought the filing. The clerk shall accept the fee and file the papers as soon as reasonably practicable
“3. The actual index number shall be on the summons, notice of petition or order to show cause as served. Failure to include the index number on the papers as served shall be cured by stipulation between the parties or by leave of court, which shall not be unreasonably withheld.”
*314 The Court of Appeals, which has been wrestling for 10 years with procedural issues that have arisen over the commencement-by-filing system in Supreme Court, recently reiterated two principles pertaining to a defect in compliance with the statutory requirements: (1) the defect does not deprive a court of subject matter jurisdiction if the defect does not undermine the constitutional or statutory basis to hear a case, and (2) the defect in compliance with the commencement-by-filing system is waived absent a timely objection by the responding party as to improper commencement or the lack of personal jurisdiction (see, Matter of Ballard v HSBC Bank USA, 6 NY3d 658 [2006]). However, “ ‘strict compliance with . . . the filing system is mandatory, and the extremely serious result of noncompliance, so long as an objection is timely raised by an appearing party, is outright dismissal of the proceeding’ ” (Harris v Niagara Falls Bd. of Educ., 6 NY3d 155, 158 [2006], quoting Matter of Fry v Village of Tarrytown, 89 NY2d 714, 723 [1997]).
Here, the defendant timely objected to the improper commencement of plaintiffs action in the first affirmative defense in its answer and in its cross motion. Consequently, since the plaintiff served process without first paying the filing fee and filing the initiatory papers, the resulting action was never properly commenced and is a nullity (see, Matter of Gershel v Porr, 89 NY2d 327, 330 [1996]; Matter of Parkinson v Leahy, 277 AD2d 810, 811 [2000]). The plaintiffs action is therefore dismissed (Harris v Niagara Falls Bd. of Educ., supra).