■ In the Matter of BARRY FELDER et al., Respondents, v CITY OF NEW YORK, Appellant. [842 NYS2d 404]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered August 3, 2006, granting the petition to file a late notice of claim, unanimously reversed, on the law, without costs, the disposition vacated, the proceedings pending in Supreme Court, New York County are stayed, and petitioners' claims for injuries are removed, sua sponte, to the United States District Court, Southern District of New York, for further proceedings.

Between September 12 and October 26, 2001, petitioner Barry Felder, at the time a New York City police officer, assisted in rescue, recovery and removal operations at the World Trade Center (WTC) site, commonly known as "Ground Zero."

By petition and proposed notice of claim dated August 26, 2005, petitioners sought leave to file a late notice of claim against respondent City for damages resulting from Mr. Felder's alleged respiratory injuries and other "long-term health issues" arising from toxic exposure at the WTC site. The petition, which was supported solely by an attorney's affirmation, alleged that these WTC-related injuries did not become apparent to him or his physicians until about June 6, 2004. Although the petition acknowledged that the 90-day notice rule had not been complied with, petitioners argued that the City was aware of the facts and circumstances underlying his claim well within the 90-day period.

The City opposed the application on the grounds, inter alia, that the uncorroborated, conclusory affirmation of petitioners' counsel did not provide the court with a factual basis upon which to determine when Mr. Felder had discovered his injuries such as to permit the court to determine whether the applicable one-year-and-90-day statute of limitations (General Municipal Law § 50-i [1]) had already expired when the instant application was made. The City further argued that the conclusory affirmation did not afford the court facts sufficient to exercise its discretion should it be inclined to grant the petition.

Although the IAS court determined that it lacked subject matter jurisdiction to determine whether petitioners' claims were meritorious or whether the matter was time-barred based upon the apparently exclusive jurisdiction over these matters pursuant to the provisions of the September 11th Victim Compensation Fund of 2001 (Pub L 107-42 tit IV, 115 US Stat 230, 237 [2001], added as part of the Air Transportation Safety and System Stabilization Act of 2001 [ATSSSA], available at 49 USC § 40101 Note), it nevertheless granted the petition and allowed petitioners to file a late notice of claim.

The IAS court correctly found that petitioners' WTC site re-

lated respiratory injury claims are preempted by federal law. The September 11th Victim Compensation Fund created "a Federal cause of action for damages arising out of the hijacking and subsequent crashes of American Airlines flights 11 and 77, and United Airlines flights 93 and 175, on September 11, 2001" (ATSSSA § 408 [b] [1] [49 USC § 40101 Note]). The ATSSSA further provides that "this cause of action shall be the exclusive remedy for damages arising out of the hijacking and subsequent crashes of such flights" (*id.*) Furthermore, the U.S. District Court for the Southern District of New York was given "original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terriorist-related aircraft crashes of September 11, 2001" (§ 408 [b] [3]).

"To give effect to that intent where such an action has been commenced in state court, this provision must be interpreted as authorizing the removal of the action to the federal court" (*In re WTC Disaster Site*, 414 F3d 352, 375 [2d Cir 2005]). "Congress intended ATSSSA's cause of action to be sufficiently expansive to cover claims of respiratory injuries by workers in sifting, removing, transporting, or disposing of that debris." (*Id.* at 377.)

The IAS court erred however, in granting the petition. We need not address the City's arguments regarding statute of limitations issues or the factual sufficiency of the petition as they apply to this matter because in those situations where a "federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law" (*id.* at 372, quoting *Beneficial Nat. Bank v Anderson*, 539 US 1, 8 [2003]). Here, based upon the plain terms of the ATSSSA as enacted, the IAS court lacked subject-matter jurisdiction and thus lacked the power to exercise its discretion to grant leave to file a late notice of claim. Any statute of limitations arguments or arguments addressed to the sufficiency of the pleadings should be made in the District Court. Concur—Nardelli, J.P., Buckley and Sweeny, Malone JJ.