■ JAMES WILK et al., Respondents, v GENESEE AND WYOMING RAILROAD COMPANY et al., Appellants. [846 NYS2d 511]—

Appeals from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered September 29, 2006. The order denied defendants' motions seeking dismissal of the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motions are granted and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by James Wilk (plaintiff) at work, while he was repairing a railcar. We conclude that Supreme Court erred in denying defendants' motions seeking dismissal of the complaint as time-barred.

Plaintiff was injured in April 2002 and, in order to determine the identity of the allegedly culpable parties, he purchased an index number in December 2002 for his application seeking pre-action discovery from his employer. The court granted the application and ordered plaintiff's employer to provide the requested pre-action discovery. In June 2003, plaintiffs filed a

summons and complaint in the Erie County Clerk's Office against defendants who were not parties to the pre-action discovery application seeking damages for plaintiff's injuries (hereafter, first action). Rather than purchasing a new index number, however, plaintiffs used the index number from the application for pre-action discovery. Defendants moved to dismiss the first action on the ground that it was not properly commenced pursuant to CPLR 306-a and, by order entered November 29, 2005, the court granted the motions and dismissed the complaint in the first action. Plaintiffs did not take an appeal from that order and instead, commenced a nearly identical action against defendants in April 2006 by purchasing a new index number and filing a summons and complaint in the Erie County Clerk's Office (hereafter, second action). We agree with defendants that plaintiffs are not entitled to the benefit of the six-month recommencement provision under CPLR 205 (a) and that the court therefore erred in denying their motions to dismiss the complaint in the second action as time-barred.

Under New York's commencement-by-filing system, "[a]n action is commenced by filing a summons and complaint . . . [and] filing shall mean the delivery of the . . . summons and complaint . . . together with any fee required" to the clerk of the court (CPLR 304; *see Sharratt v Hickey*, 298 AD2d 956 [2002]). Thus, " 'service of process without first paying the filing fee and filing the initiatory papers is a nullity, the action . . . never having been properly commenced' " (*Meiselman v McDonalds Rests.*, 305 AD2d 382, 383 [2003], *appeal dismissed and lv denied* 100 NY2d 637 [2003], *rearg denied* 1 NY3d 593 [2004], quoting *Matter of Gershel v Porr*, 89 NY2d 327, 330 [1996]). Here, plaintiffs concede that they did not pay a filing fee for an index number when they filed the summons and complaint in the first action. We thus conclude that the first action was not properly commenced (*see* CPLR 304; *Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155, 158 [2006]; *cf. Schoemann v Adams*, 28 AD3d 1212, 1213-1214 [2006]), and plaintiffs therefore are not entitled to rely on CPLR 205 (a) in support of their contention that the filing of the second summons and complaint in the second action relates back to the filing of the summons and complaint in the first action for statute of limitations purposes (*see Meiselman*, 305 AD2d at 383).

We further conclude that the court erred in retroactively applying the holding in *Harris* in support of its determination that the first action was timely commenced. Pursuant to *Harris*, the failure to pay the filing fee for an index number is a defect in the commencement-by-filing system that does not

deprive a court of subject matter jurisdiction and is waivable in the absence of a timely objection (6 NY3d at 158-159). Here, the court applied *Harris* retroactively to support its determination that, because defendants did not object to plaintiffs' failure to purchase a new index number in the first action for a period of two years, they waived the defect and the first action therefore was timely commenced. As previously noted, however, plaintiffs did not take an appeal from the order dismissing the first action and it thus is a "judicial decision upon a question of fact or law which is not provisional and subject to change and modification in the future by the same tribunal" (*Bannon v Bannon*, 270 NY 484, 489 [1936]). "Retroactivity analysis does not permit application of new law to cases already resolved" (*Cutler v Travelers Ins. Co.* [appeal No. 2], 159 AD2d 1014, 1015 [1990], *lv dismissed and denied* 76 NY2d 768 [1990]), and " '[t]he conclusive effect of [the] final disposition [in the first action] is not to be disturbed by a subsequent change in decisional law' " (*Matter of Gowan v Tully*, 45 NY2d 32, 36 [1978], quoting *Slater v American Min. Spirits Co.*, 33 NY2d 443, 447 [1974]).

In light of our determination, we need not consider defendants' remaining contentions. Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.