■ In the Matter of BARRY FELDER et al., Respondents, v CITY OF NEW YORK, Appellant. [862 NYS2d 36]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered August 3, 2006, granting petitioners' application to serve a late notice of claim for respiratory injuries arising from the terrorist attacks of September 11, 2001, unanimously reversed, on the law, without costs, the application denied and the petition denied and the proceeding dismissed.

Although the Air Transportation Safety and System Stabilization Act of 2001 (ATSSSA) (Pub L 107-42 § 408 [b] [1]) created "a federal cause of action as the exclusive judicial remedy for damages arising out of [the 9/11 aircraft] crashes" at the World Trade Center providing exclusive jurisdiction over such lawsuits in the Southern District of New York (*In re WTC Disaster Site*, 414 F3d 352, 373 [2d Cir 2005]), an application to serve a late notice of claim is a special proceeding separate from the personal injury lawsuit, which cannot be maintained without leave of court (*see Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155, 159 [2006]). We find that Congress did not intend the ATSSSA to preempt General Municipal Law § 50-e. ATSSSA preempts only state law damages remedies, not substantive standards governing liability (*WTC Disaster Site*, 414 F3d at 380). Inasmuch as the requirements relating to notices of claim are in the nature of conditions precedent to the right to bring suit (*see Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 264 [1980]), it does not clearly appear that the requirements relating to notice of claim present an "insurmountable" barrier to relief under ATSSSA (*cf. Corcoran v New York Power Auth.*, 202 F3d 530, 539-541 [2d Cir 1999], *cert denied* 529 US 1109 [2000] [notice of claim requirement does not conflict with a federal statute intended to provide an adequate remedy for claims arising out of nuclear incidents]); and it does not otherwise clearly appear that Congress, which presumably knew about section 50-e (*see Goodyear Atomic Corp. v Miller*, 486 US 174, 184-185 [1988]), intended that ATSSSA displace that section (*see Gade v National Solid Wastes Management Assn.*, 505 US 88, 116 [1992]).

With respect to whether the proceeding is barred by the one-year-and-90-day statute of limitations (General Municipal Law § 50-i), petitioners' attorney's factually unsupported, conclusory assertion that the injured petitioner's respiratory illness "did

not become apparent to him or his physicians" until he was diagnosed with such illness lacks probative value as to when such illness should have been discovered (CPLR 214-c [3]), i.e., when petitioner first became aware of the "manifestations or symptoms of the latent disease" as opposed to its "nonorganic etiology" (*Matter of New York County DES Litig.*, 89 NY2d 506, 514 [1997]; *see Matter of Goffredo v City of New York*, 33 AD3d 346, 347 [2006] [claim time-barred where medical records demonstrated that symptoms of petitioner's respiratory disease "manifested themselves" some 14 months before the diagnosis]). Thus, petitioner failed to show that the application, which was made one year and 80 days after the date his attorney says the injuries first manifested themselves, was timely; accordingly, the merits of the application may not be entertained (*Pierson v City of New York*, 56 NY2d 950 [1982]).

Upon reargument (*see* M-5543 [2008 NY Slip Op 68454(U) (2008)]), the decision and order of this Court entered herein on September 20, 2007 (43 AD3d 749 [2007]) is hereby recalled and vacated. Concur—Nardelli, J.P., Williams, Buckley and Sweeny, JJ.