■ James Wilk et al., Respondents, v Lewis & Lewis, P.C., et al., Appellants. [905 NYS2d 410]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered March 23, 2009 in a legal malpractice action. The order denied the motion of defendants for summary judgment and granted the cross motion of plaintiffs for partial summary judgment to the extent that malpractice is established against defendants.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the legal malpractice cause of action insofar as that cause of action is asserted with respect to the defendant Ford Motor Company in the underlying action, and by denying that part of the cross motion for partial summary judgment on liability on the legal malpractice cause of action insofar as that cause of action is asserted with respect to that defendant in the underlying action and as modified the order is affirmed without costs.

Memorandum: James Wilk (plaintiff) was allegedly injured while repairing railroad cars, and he retained defendants to represent him, along with his wife, in seeking damages for those injuries. Defendants commenced a pre-action discovery proceeding against plaintiff's employer to obtain information concerning the accident and, when defendants thereafter commenced a Labor Law and common-law negligence action on behalf of plaintiffs (hereafter, underlying action), they used the same index number that had been used in the pre-action discovery proceeding. Supreme Court granted the motions of the defendants in the underlying action (Labor Law defendants) to dismiss the complaint. Under the law at that time, the failure to purchase a new index number rendered the action a nullity because it was never properly commenced (*see Chiacchia & Fleming v Guerra*, 309 AD2d 1213, 1214 [2003], *lv denied* 2

NY3d 704 [2004]). No appeal was taken by plaintiffs from that order, although plaintiffs retained other attorneys (plaintiffs' successor counsel) shortly prior to the expiration of the time in which to take an appeal. Plaintiffs commenced a second Labor Law and common-law negligence action against the Labor Law defendants, who moved to dismiss the complaint as time-barred. We previously reversed an order denying those motions and instead granted the motions and dismissed the complaint (*Wilk v Genesee & Wyoming R.R. Co.*, 45 AD3d 1274 [2007]). We concluded that the second action did not relate back to the filing of the underlying action pursuant to CPLR 205 (a) because the failure to purchase a new index number rendered the underlying action a nullity (*id.* at 1275).

Plaintiffs commenced the instant legal malpractice action seeking damages arising from the dismissal of the underlying action. Defendants appeal from an order denying their motion for summary judgment dismissing the complaint and granting plaintiffs' cross motion for partial summary judgment "to the extent that malpractice is established against . . . defendants." That was error only insofar as the malpractice cause of action is asserted with respect to the defendant Ford Motor Company (Ford) in the underlying action. We therefore modify the order accordingly.

"To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove that the defendant attorney failed to exercise 'the ordinary reasonable skill and knowledge commonly possessed by a member of the legal community, and that the attorney's breach of [that] duty proximately caused plaintiff to sustain actual and ascertainable damages' " (*Velie v Ellis Law, P.C.*, 48 AD3d 674, 675 [2008], quoting *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). The plaintiff must also establish that he or she "would have succeeded on the merits of the underlying action 'but for' the attorney's negligence" (*AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]). "To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of [those] essential elements" (*Velie*, 48 AD3d at 675). Here, defendants submitted evidence in support of their motion establishing that Ford "is not an owner or contractor and that it lacked 'contractual or other actual authority to control the activity bringing about [plaintiff's] injury' " (*Scally v Regional Indus. Partnership*, 9 AD3d 865, 867-868 [2004]). Thus, they met their initial burden of establishing that plaintiffs would not have succeeded in the

underlying action against Ford "but for" their negligence (see AmBase Corp., 8 NY3d at 434), and plaintiffs failed to raise a triable issue of fact with respect thereto.

Contrary to the further contention of defendants, the court properly denied those parts of their motion seeking dismissal of the instant complaint with respect to their failure to commence the underlying action against the remaining Labor Law defendants in a timely manner. In their answer to the instant complaint, defendants admitted that they used the same index number to commence the underlying action that had been previously used to commence the pre-action discovery proceeding. The failure to commence the underlying action in a timely manner, absent factors not at issue here, is sufficient to establish that defendants "failed to exercise 'the ordinary reasonable skill and knowledge commonly possessed by a member of the legal community' " (Velie, 48 AD3d at 675, quoting Rudolf, 8 NY3d at 442).

Defendants also failed to establish that plaintiffs could not prove the remaining elements of a legal malpractice cause of action. Defendants contend that their negligence was not a proximate cause of plaintiffs' injuries because plaintiffs' successor counsel did not file a notice of appeal when the Court of Appeals issued its decision in Harris v Niagara Falls Bd. of Educ. (6 NY3d 155 [2006]). We reject that contention. Defendants are correct that the Court of Appeals changed the law by holding in Harris that a defendant could waive a defect in connection with filing requirements such as the failure to purchase a new index number (see id. at 159). Even assuming, arguendo, however, that we agree with defendants that the time within which plaintiffs could file a notice of appeal expired 35 days after the final Labor Law defendant had served the order dismissing the first complaint against the Labor Law defendants (see Blank v Schafrann, 206 AD2d 771, 773 [1994]; Williams v Forbes, 157 AD2d 837, 838-839 [1990]; Dobess Realty Corp. v City of New York, 79 AD2d 348, 352, appeal dismissed 53 NY2d 1054, 54 NY2d 754 [1981]), we note that the time in which to file a notice of appeal against that final Labor Law defendant expired approximately 30 hours after the Harris decision was issued. It cannot be said that the failure of plaintiffs' successor counsel to learn of the Harris decision and file a notice of appeal within that narrow time period constituted an "intervening and superseding failure of plaintiff[s'] successor [counsel]" to file a timely notice of appeal (Pyne v Block & Assoc., 305 AD2d 213 [2003]). Defendants thus failed to establish that "plaintiff[s'] successor counsel had sufficient time and opportunity to adequately

protect plaintiff[s'] rights" (*Somma v Dansker & Aspromonte Assoc.*, 44 AD3d 376, 377 [2007]; *cf. Ramcharan v Pariser*, 20 AD3d 556, 557 [2005]; *Albin v Pearson*, 289 AD2d 272 [2001]).

Contrary to the further contention of defendants, the court did not abuse its discretion in considering the cross motion of plaintiffs for partial summary judgment on liability despite their failure to submit the cross motion in proper form. In any event, defendants moved for summary judgment, and it is well settled that, "[i]f it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a [cross motion]" (CPLR 3212 [b]; *see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *JCS Controls, Inc. v Stacey*, 57 AD3d 1372, 1373 [2008]).

Finally, defendants' remaining contention concerning the issues of contribution and indemnification is not properly before us. Neither the motion nor the cross motion sought relief with respect to those issues, and said issues may not be raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.