16-1983
Liberty Ins. Corp. v. Admiral Ins. Co.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand seventeen.

PRESENT:  GUIDO CALABRESI,
              RICHARD C. WESLEY,
              RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*.

-----------------------------------------------------------

Liberty Insurance Corporation,

                   *Plaintiff-Appellee*,

         v.                                          No. 16-1983-cv

Admiral Insurance Company,

                   *Defendant-Appellant*.

-----------------------------------------------------------

FOR APPELLANT:          JUSTIN N. KINNEY (Kathleen J. Devlin, *on the brief*),
                        Kinney Lisovicz Reilly & Wolff PC, New York,
                        NY.

FOR APPELLEE:     MARSHALL T. POTASHNER (David R. Shyer, *on the brief*), Jaffe & Asher LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Admiral Insurance Company appeals from a judgment of the District Court (D'Agostino, J.) granting summary judgment in favor of Liberty Insurance Corporation.   Applying New York law, the District Court held that Admiral's insurance policy required coverage of litigation costs of certain additional insureds on a primary basis, while Liberty's policy provided only excess coverage.   We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We agree with the District Court that the Liberty policy's "Other Insurance" section provides that the policy is primary only as to the additional insureds' "own . . . policies"—that is, those policies on which they are named insureds.   Even accepting Admiral's view that the "in comparison" clause describes the content of the Schenectady contract, we interpret the Liberty policy's reference to the additional insureds' "own . . . policies" to mean that the

2

Liberty policy is primary "in comparison" only to the policies of the additional insureds. That interpretation of the "in comparison" clause comports with the "reasonable expectations of a business person," VAM Check Cashing Corp. v. Fed. Ins. Co., 699 F.3d 727, 729 (2d Cir. 2012), and gives the clause its own "force and effect," Raymond Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 5 N.Y.3d 157, 162 (2005) (quotation marks omitted). We therefore conclude that the District Court correctly determined that the Liberty policy is excess to, not co-primary with, the Admiral policy.

We have considered Admiral's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court