[853 NYS2d 183]

In the Matter of JOSEPH MILLER JR., Respondent, v JAMES WATERS, Individually and as Chief of the Elmira City Police Department, Appellant.

Third Department, February 28, 2008

APPEARANCES OF COUNSEL

*Davidson & O'Mara, P.C.*, Elmira (*Ransom P. Reynolds, Jr.* of counsel), and *J. William O'Brien II*, Elmira (*John J. Ryan, Jr.* of counsel), for appellant.

*Schlather, Geldenhuys, Stumbar & Salk*, Ithaca (*Diane V. Bruns* of counsel), for respondent.

## OPINION OF THE COURT

SPAIN, J.

Petitioner, a former sergeant in the City of Elmira Police Department, was indicted on various charges stemming from accusations that he had stolen property and falsified records in the course of his duties. In March 2004, County Court dismissed the indictment against petitioner in the interest of justice (*see* CPL 210.40) and ordered the records sealed (*see* CPL 160.50 [1] [c]). Thereafter, in May 2004, respondent—as Chief of Police of the City of Elmira Police Department—received a federal grand jury subpoena, seeking "[a]ny and all documents related to the administrative investigation of [petitioner], to include, but not limited to, reports, summaries, charts, supplemental reports, and investigative notes." On the advice of counsel, respondent released certain sealed documents in response to the federal subpoena.[1]

Petitioner then commenced this proceeding in County Court by order to show cause seeking to find respondent in contempt,

---

1. In July 2006, the Elmira Police Department sought an order unsealing certain records from petitioner's criminal case to be used in a disciplinary proceeding against him. County Court denied the request and, on appeal, this Court modified, ordering that preexisting documents generated in the Department's regular course of business during its investigation of other defendants, rather than in connection with the prosecution of the criminal proceeding against petitioner, be unsealed (*Matter of City of Elmira v Doe*, 39 AD3d 942, 943 [2007], *amended* 2007 NY Slip Op 06177 [2007]). The Court of Appeals recently granted petitioner leave to appeal this order (10 NY3d 756 [2008]).

both civilly and criminally, for violating County Court's March 2004 order. After hearings began, respondent moved for summary judgment and, by order to show cause, to dismiss, asserting that the proceeding was never properly commenced and seeking the recusal of County Court. Petitioner cross-moved, seeking to strike certain portions of respondent's moving affidavit as scandalous, leave to file the petition in this proceeding nunc pro tunc and costs and counsel fees. By order entered November 21, 2006, County Court denied respondent's motions for dismissal, recusal and summary judgment, granted petitioner's cross motion for leave to correct the defects in his filing and payment of fees nunc pro tunc and granted petitioner's cross motion to strike certain materials. Respondent now appeals.

Initially, we turn to the threshold question of whether County Court should have dismissed this proceeding for want of subject matter jurisdiction. No dispute exists that petitioner did not obtain an index number or pay the necessary filing fee at the time of commencement; apparently an index number was first assigned to the proceeding in March 2005 and petitioner paid the requisite fee in November 2006. Further, petitioner's papers were erroneously filed at the office of the administrative clerk of the Supreme and County Courts, rather than with the Chemung County Clerk (*see* CPLR 304).

■ In the past, "a defect in compliance with the commencement-by-filing system," such as the failure to obtain an index number and pay the requisite fee, would result in dismissal if objected to, but "[did] not deprive a court of subject matter jurisdiction and, accordingly, [was] waived absent a timely objection by the responding party" (*Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155, 158 [2006]; *see Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 723 [1997]; *Matter of Gershel v Porr*, 89 NY2d 327, 330 [1996]). Here, respondent acquiesced to these deficiencies by failing to object or move for dismissal on these grounds in his answer and by fully participating in the litigation on the merits, including filing of papers and participating in several hearings over the course of approximately two years before moving to dismiss. Accordingly, under the law as it existed in November 2006 when County Court rendered a decision on respondent's motion to dismiss, a finding that respondent waived objections to petitioner's failure to obtain an index number and timely pay the required fee was appropriate.

Further, a recent amendment to CPLR 2001, enacted August 15, 2007 and effective "immediately," increased a court's discre-

tion to forgive such filing errors (*see* L 2007, ch 529, § 2). Courts now have the discretion to permit a defect to be corrected, even where timely objected to, "including the failure to purchase or acquire an index number or other mistake in the filing process" (CPLR 2001). Although, as indicated, County Court denied respondent's motion to dismiss prior to the passage of this amendment, we apply "the law as it exists at the time of appeal, not as it existed at the time of original determination" (*Matter of Asman v Ambach*, 64 NY2d 989, 990 [1985] [internal quotation marks and citation omitted]; *see Matter of Trifaro v Town of Colonie*, 31 AD3d 821, 822 [2006]). Under the clear language of CPLR 2001, as amended, County Court had the authority to cure, nunc pro tunc, petitioner's failure to pay the filing fee and to acquire an index number when the proceeding was commenced (*see* CPLR 2001; 188 Siegel's Practice Review, *Amendment Enables Non-Prejudicial Errors at the Commencement of Actions to be Corrected, Overruling Line of Rigid Cases*, at 1 [Aug. 2007]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C304:3).

However, a separate analysis is necessary to determine whether County Court was authorized to correct petitioner's erroneous filing of the papers in the wrong clerk's office. Prior to the 2007 amendment to CPLR 2001, a failure to file the necessary papers at all would result in dismissal *even where not timely objected to* because "[w]hile *defects* in filing are waived if the party appears and litigates on the merits, *nonfiling* of the papers necessary to institute the action is a nonwaivable, jurisdictional defect" (*Sangiacomo v County of Albany*, 302 AD2d 769, 771 [2003] [internal quotation marks and citation omitted] [failure to file summons]; *see Parker v Mack*, 61 NY2d 114, 117-118 [1984] [failure to file CPLR 305 (b) notice with summons]; *Matter of Parkinson v Leahy*, 277 AD2d 810, 811 [2000] [failure to file order to show cause and petition]). In 2002, the Court of Appeals dismissed a proceeding where, as here, papers were erroneously filed with the Clerk of Supreme and County Courts, as opposed to the County Clerk (*see Matter of Mendon Ponds Neighborhood Assn. v Dehm*, 98 NY2d 745, 747 [2002]). Such a failure (hereinafter a *Mendon Ponds* defect) has been equated to a nonfiling and, thus, "a nonwaivable jurisdictional defect rendering the proceeding a nullity" (*Matter of Montague v New York State Dept. of Envtl. Conservation*, 25 AD3d 904, 905 [2006], *lv denied* 6 NY3d 712 [2006]; *Matter of Rossi v Town of Colonie Dept. of Assessment*, 13 AD3d 683, 683 [2004], *lv*

*dismissed and denied* 5 NY3d 758 [2005]; *Matter of One Beacon Ins. Co./CGU Ins. Co. v Daly,* 7 AD3d 717, 717 [2004]; *but cf. Matter of Grasso,* 24 AD3d 765, 765 [2005] [implicitly holding that a *Mendon Ponds* defect does not impact subject matter jurisdiction]). Thus, although it is clear that, pursuant to CPLR 2001, County Court had the discretion to forgive petitioner's failure to properly purchase an index number, we must also decide whether that statute, as amended, also gave the court the power to correct, nunc pro tunc, the *Mendon Ponds* defect herein (*see* 188 Siegel's Practice Review, *supra*).

■ Adhering to our precedent establishing that a *Mendon Ponds* defect impacts the court's subject matter jurisdiction, we hold that it is not the type of error that falls within the court's discretion to correct under CPLR 2001. Although the language of the statute is broad, extending the court's power to forgive errors "[a]t any stage of an action, including the filing of a . . . petition to commence an action" and specifically including mistakes "in the filing process" (CPLR 2001), it is clear from the legislative history that the statute was not intended to allow courts to create subject matter jurisdiction where it does not exist. Indeed, the amendment was specifically crafted to change the rule announced in several, identified Court of Appeals decisions, which "held that defects in the commencement of actions or the payment of an index number fee will result in outright dismissal of an action *so long as a timely objection is made to such defects*" (Sponsor's Mem, Bill Jacket, L 2007, ch 529 [emphasis added]; *see* 2007 Rep of Advisory Comm on Civ Prac to Chief Admin Judge of Cts of St of NY, at 24).

Tellingly, the sponsors of the amendment listed three specific Court of Appeals cases—*Harris v Niagara Falls Bd. of Educ.* (6 NY3d 155 [2006]), *Matter of Gershel v Porr* (89 NY2d 327 [1996]) and *Matter of Fry v Village of Tarrytown* (89 NY2d 714 [1997])— as having prompted the amendment; all of these cases involved *waivable* defects in the commencement process, rather than errors which affected the court's subject matter jurisdiction. The *Mendon Ponds* decision (2002) was not mentioned. Further, the Sponsor's Memorandum and the Report of the Advisory Committee explicitly state that it was not the intention of the Legislature to overrule *Parker v Mack* (*supra*), which, like *Mendon Ponds*, involved a defect impacting the court's subject matter jurisdiction. Indeed, the Sponsor's Memorandum in support warns that "[i]t is important to emphasize that this measure would not excuse a complete failure to file within the statute of

limitations"; and "[t]he purpose of this measure is to clarify that a mistake in the method of filing, AS OPPOSED TO A MISTAKE IN WHAT IS FILED, is a mistake subject to correction in the court's discretion" (Sponsor's Mem, Bill Jacket, L 2007, ch 529).[2] Given that we have held that a *Mendon Ponds* defect is not waivable and all indications from the legislative history surrounding the amendment of CPLR 2001 indicate that the expansion of that statute's scope was not intended to reach defects impacting the court's subject matter jurisdiction, we hold that County Court did not have the authority to correct the *Mendon Ponds* defect in this proceeding. Accordingly, the petition should have been dismissed.

CARDONA, P.J., MERCURE, LAHTINEN and KANE, JJ., concur.

Ordered that the order is reversed, on the law, without costs, respondent's motion to dismiss granted, and petition dismissed.

---

**2.** It is also notable that to address and resolve the *Mendon Ponds* defect issue, the Legislature took affirmative steps, by a measure approved on July 3, 2007—prior to the Legislature's approval of the amendment to CPLR 2001— and effective January 1, 2008 which is expressly applicable only to actions and proceedings commenced on or after that date. The Legislature amended CPLR 304 and 2102 to provide that, although papers filed to commence an action must still be filed with the County Clerk, any papers filed in accordance with "the rules of the chief administrator or any local rule or practice established by the court shall be deemed filed" with the County Clerk (*see* L 2007, ch 125, § 4; 189 Siegel's Practice Review, *Continuing with New Laws: Another 2007 Bill Designed to Overrule Mendon Ponds: Chapter 125, Redundant, has Other Features Bar Must be Wary Of*, at 1 [Sept. 2007]; Alexander, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2102, 2008 Pocket Part, at 277).