ARTHUR GOLDENBERG, Appellant, v WESTCHESTER COUNTY HEALTH CARE CORPORATION, Also Known as WESTCHESTER COUNTY MEDICAL CENTER, et al., Respondents. [892 NYS2d 463]—

The plaintiff served the summons and complaint upon the defendants in this malpractice action without ever filing them or obtaining an index number and paying the filing fee for the action. Accordingly, the action was never validly commenced (*see* CPLR 304). Following the expiration of the applicable statute of limitations, the defendants moved to dismiss the complaint as time-barred, and the plaintiff cross-moved, inter alia, for leave to file the summons and complaint nunc pro tunc. The Supreme Court correctly granted the defendants' motion and denied the plaintiffs' cross motion.

Contrary to the plaintiff's contention, the defendants raised timely objections to the plaintiff's failure to file and to the untimeliness of the action, since they asserted affirmative defenses regarding lack of jurisdiction and the expiration of the

statute of limitations in their amended verified answer (*see* CPLR 3211 [e]; *see generally Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155, 159 [2006]; *cf. Sirkis v Cohen*, 23 AD3d 369 [2005]). Similarly, the defendants were not obligated to move to dismiss the action within 60 days following the service of their answer pursuant to CPLR 3211 (e), since their objection was not based on improper service (*see Sangiacomo v County of Albany*, 302 AD2d 769, 772 [2003]). Indeed, the plaintiff was free to move pursuant to CPLR 3211 (b) to dismiss the jurisdictional defense if he desired a more prompt resolution of the merits of that defense.

Furthermore, the plaintiff cannot rely upon the remedial language of CPLR 2001 to cure his error, since that statute does not excuse a complete failure to file within the statute of limitations, as occurred here (*see Matter of Miller v Waters*, 51 AD3d 113, 117-118 [2008]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C304:3, 2009 Pocket Part, at 162, 165). Likewise, the plaintiff cannot rely on his filing of a proposed complaint in a prior proceeding for leave to file a late notice of claim to act as the functional equivalent of a filing in this action (*see generally Rybka v New York City Health & Hosps. Corp.*, 263 AD2d 403 [1999]). The papers served in an action must conform in all material respects to the papers that are filed to commence it (*see Matter of Gershel v Porr*, 89 NY2d 327, 332 [1996]; *Page v Marusich*, 30 AD3d 871, 873 [2006]; *Louden v Rockefeller Ctr. N.*, 249 AD2d 25, 26 [1998]). Here, the complaint served in this action dramatically differed, substantively and materially, from the proposed complaint which the plaintiff filed in the prior proceeding. Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint. Moreover, the court properly denied the plaintiff's cross motion for leave to file the summons and complaint nunc pro tunc since, under the circumstances herein, the granting of that relief would impermissibly extend the statute of limitations (*see* CPLR 201; *Bradley v St. Clare's Hosp.*, 232 AD2d 814, 815 [1996]). Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.