[903 NYS2d 411]

Virginia MacLeod et al., Appellants, v County of Nassau et al., Respondents.

Second Department, May 18, 2010

## APPEARANCES OF COUNSEL

*Polin, Prisco & Villafane*, Glen Cove (*Sandra Lee McIlveen* of counsel), for appellants.

*Perez & Varvaro*, Uniondale (*Thomas M. McNally* of counsel), for respondents.

### OPINION OF THE COURT

COVELLO, J.

In 2007 CPLR 2001 was amended to provide a measure of judicial forgiveness for certain mistakes that a plaintiff or petitioner might make with respect to the commencement of an action or special proceeding. On this appeal, the question presented is whether the plaintiffs, who filed a summons and complaint in a personal injury action with the appropriate clerk and within the applicable limitations period, but mistakenly filed those papers under the index number assigned to a related proceeding for leave to conduct pre-action disclosure that had been previously terminated, should, pursuant to the 2007 amendment to CPLR 2001, be deemed to have commenced the personal injury action on the date of that filing, where they later paid an additional index number fee. We answer that question in the affirmative.

On November 8, 2006 the plaintiff Virginia MacLeod was walking in a parking lot. She tripped and fell, and allegedly was injured, as a result of an allegedly dangerous or defective condition in the parking lot.

Within 90 days of her accident, Virginia MacLeod and her husband, the plaintiff William MacLeod (hereinafter together the MacLeods), served the defendant County of Nassau with a notice of claim (*see* General Municipal Law § 50-e [1] [a]; County

Law § 52 [1]). In the notice of claim, the MacLeods, who believed that the County owned the parking lot, informed the County about the happening of the accident and the circumstances surrounding it. The MacLeods also alleged that the County created the condition that caused the accident, and/or had actual and/or constructive notice of that condition. The County never paid or adjusted the MacLeods' claims.

On April 12, 2007 the MacLeods commenced a special proceeding for leave to conduct pre-action disclosure pursuant to CPLR 3102 (c) against the County (hereinafter the disclosure proceeding), seeking to compel certain disclosure to aid in framing their complaint in a personal injury action they intended to commence. However, in a judgment issued and entered approximately two months later, the Supreme Court denied the MacLeods' petition, and dismissed the disclosure proceeding.

On August 14, 2007 the MacLeods, intending to commence the personal injury action against the County and certain other defendants, filed a summons and complaint with the Nassau County Clerk. However, the MacLeods did not pay the filing fee, and failed to obtain a new index number. Rather, they mistakenly filed the summons and complaint under the index number assigned to the disclosure proceeding.

On August 17, 2007 the MacLeods served the County with the summons and complaint. Approximately three weeks later, the County interposed an answer, and made certain discovery demands. In its answer, the County did not raise any affirmative defense based on the MacLeods' mistake with respect to the commencement of a personal injury action.

Subsequently, one of the parties attempted to file a request for judicial intervention, in order to schedule a preliminary conference. At that point, it was discovered that the summons and complaint bore the index number assigned to the disclosure proceeding, which had been terminated upon the issuance of the judgment (see CPLR 5011; Towley v King Arthur Rings, 40 NY2d 129, 132 [1976]). The MacLeods were then informed that the index number was "invalid" (cf. Mandel v Waltco Truck Equip. Co., 243 AD2d 542, 543 [1997]).

Thus, on June 2, 2008 the MacLeods paid an additional index number filing fee, obtained a new index number, and filed a new summons and complaint under that index number. The complaint was identical to the complaint filed by the MacLeods under the index number assigned to the disclosure proceeding.

Although, generally, an action to recover damages for personal injuries must be commenced within three years of the date of the accident (*see* CPLR 214 [5]; *Marino v Proch*, 258 AD2d 628 [1999]), a personal injury action against a municipality, such as the County, must be commenced within one year and 90 days of that date (*see* General Municipal Law § 50-i [1] [c]; *Klein v City of Yonkers*, 53 NY2d 1011, 1012 [1981]). The filing of the summons and complaint under the second index number was effected within three years of the date of Virginia MacLeod's accident, but more than one year and 90 days after that date.

The MacLeods moved, simultaneously with their filing of the summons and complaint under the new index number, inter alia, to deem August 14, 2007—the date they filed the initial summons and complaint under the index number assigned to the concluded disclosure proceeding—to be the date of the commencement of the personal injury action. In their submission, they noted that more than one year and 90 days had already elapsed since the date of the accident, and argued that their motion should be granted, among other reasons, in light of that fact. In an order entered September 19, 2008 the Supreme Court denied the MacLeods' motion. Since the amendment to CPLR 2001 effectively requires that the MacLeods be granted the relief they sought, we reverse, and grant that motion.

In 1992 the Legislature converted civil practice in the Supreme Court and the County Courts from a commencement-by-service system to a commencement-by-filing system (*see* L 1992, ch 216, §§ 4, 27). In 2005 the Legislature did the same with respect to civil practice in the New York City Civil Courts, the District Courts, and the City Courts (*see* L 2005, ch 452, §§ 1, 4, 7).

Under the commencement-by-filing system, an "action," which includes a "special proceeding" (CPLR 105 [b]), is "commenced by filing" initiatory papers, such as a summons and complaint, or a notice of petition and petition, with the clerk of the court in the county in which the action or special proceeding is brought, or with the person designated by the clerk for the purpose of accepting initiatory papers for filing (CPLR 304 [a], [c]; *see* CPLR 2102 [a]; *see also Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155, 158 [2006]; *Matter of Gershel v Porr*, 89 NY2d 327, 330 [1996]). Upon the filing of the initiatory papers, an index number "shall be assigned" to the action or special proceeding (CPLR 306-a [a]). In addition, upon the filing of the initiatory papers, the plaintiff or petitioner "shall" pay the

index number fee (CPLR 306-a [a]; *see* CPLR 8018 [a]; *see also Harris v Niagara Falls Bd. of Educ.*, 6 NY3d at 158; *Matter of Gershel v Porr*, 89 NY2d at 330). As recognized by the Court of Appeals, the "main reason" for the conversion of the commencement-by-service system to a commencement-by-filing system was to generate revenue for the State through the payment of the index number fee (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 719 [1997]).

After the conversion to the commencement-by-filing system, the Court of Appeals decided a series of cases in which that Court determined that certain mistakes with respect to the commencement of an action or special proceeding would, upon the timely objection of the defendant or respondent, warrant the dismissal of the action or special proceeding. The first case was *Matter of Gershel v Porr* (89 NY2d at 329-332), where a petitioner made a mistake with regard to the commencement of a CPLR article 78 proceeding by serving the respondent with a notice of petition and petition, without first having filed those initiatory papers, and without having paid the filing fee. The next case was *Matter of Fry v Village of Tarrytown* (89 NY2d at 716-717), where a petitioner made a mistake with regard to the commencement of a CPLR article 78 proceeding by filing an unexecuted order to show cause along with the petition. The final case was *Harris v Niagara Falls Bd. of Educ.* (6 NY3d at 157-159), where a plaintiff made a mistake with regard to the commencement of a personal injury action by filing a summons and complaint under an index number assigned to a terminated proceeding for leave to serve a late notice of claim.

Here, the MacLeods, like the petitioners in *Gershel* and *Fry*, and like the plaintiff in *Harris*, failed to comply with the requirements of the commencement-by-filing system. Specifically, the MacLeods, in an attempt to commence a personal injury action, mistakenly filed a summons and complaint under the index number assigned to the concluded disclosure proceeding, instead of paying an additional index number fee, obtaining a new index number, and filing the summons and complaint under the new index number. The only real consequence of that mistake was that, when the MacLeods subsequently, and properly, obtained a new index number and paid the new index number fee, the County had a potentially viable argument that the statute of limitations against it—which clearly had not expired when the MacLeods filed the summons and complaint under the index number assigned to the disclosure proceeding— had since expired.

After *Gershel, Fry,* and *Harris* were decided, commentators observed that courts might be required to dismiss an action or special proceeding because of an "innocent and totally unprejudicial" mistake made by a plaintiff or petitioner with respect to the commencement of the action or special proceeding (188 Siegel's Practice Review, *Amendment Enables Non-Prejudicial Errors at the Commencement of Actions to be Corrected, Overruling Line of Rigid Cases,* at 1 [Aug. 2007]). To some, this approach seemed to be contrary to the spirit of CPLR 2001, entitled "Mistakes, omissions, defects and irregularities," which, at the time, provided as follows: "At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded" (CPLR former 2001).

In response to the holdings in *Gershel, Fry,* and *Harris,* New York's Advisory Committee on Civil Practice (hereinafter the Advisory Committee) sponsored an amendment to CPLR 2001 (*see* 2007 Rep of Advisory Comm on Civ Prac, at 24 [hereinafter Advisory Committee Report]). The Advisory Committee recommended that CPLR 2001 be amended in a manner that would preclude the dismissal of an action or special proceeding because of a "technical [and] non-prejudicial" mistake made by a plaintiff or petitioner with respect to the commencement of the action or special proceeding (Advisory Committee Report at 24). The Advisory Committee proposed a particular amendment, supported by the Chief Administrative Judge (*see* Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 529, at 5), that would "give the court discretion to correct or ignore mistakes . . . occurring at the commencement of an action" or special proceeding "that [did] not prejudice the opposing party, in the same manner and under the same standards that [CPLR 2001] already [did] with regard to all other non-prejudicial procedural events" (Advisory Committee Report at 24-25). The Advisory Committee specified that the purpose of the amendment was "to clarify that a mistake in the method of filing, as opposed to a mistake in what [was] filed, [was] a mistake subject to correction in the court's discretion" (Advisory Committee Report at 25).

The Legislature approved the proposed amendment (*see* L 2007, ch 529, § 2). Hence, effective August 15, 2007, CPLR 2001 was amended to provide as follows:

"At any stage of an action, *including the filing of a summons with notice, summons and complaint or petition to commence an action,* the court may permit a mistake, omission, defect or irregularity, *including the failure to purchase or acquire an index number or other mistake in the filing process,* to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, *provided that any applicable fees shall be paid"* (CPLR 2001 [emphasis added]).

The MacLeods essentially argue that, under the circumstances, CPLR 2001, as amended, did not merely authorize the Supreme Court to permit the correction of their mistake with regard to the commencement of this action but, rather, required the Supreme Court to disregard that mistake. The MacLeods also essentially argue that, by failing to deem August 14, 2007 to be the date of the commencement of this action, and thereby subjecting this action to dismissal insofar as asserted against the County on statute of limitations grounds, the Supreme Court, in effect, violated its obligation under CPLR 2001 to disregard their mistake.

Although the MacLeods did not expressly cite CPLR 2001 in support of their motion, inter alia, to deem August 14, 2007 to be the date of the commencement of this action, they argued before the Supreme Court, in sum and substance, that the remedies articulated and described in that statute should be applied to their action. Thus, we will entertain their argument that it is CPLR 2001 that requires this relief to be granted, even though express reference to that statute is being made for the first time on appeal.

As is evident from the plain language of CPLR 2001, when a court determines whether to permit the correction of a mistake with respect to the commencement of an action or special proceeding, or determines whether that mistake must be disregarded, the key question is whether, if the correction of the mistake is permitted, or the mistake is disregarded, a substantial right of the defendant or respondent would be prejudiced. On their motion, the MacLeods emphatically asserted that if the Supreme Court deemed August 14, 2007 to be the date of the commencement of this action, this would result in "absolutely *no prejudice* to" the County. Thus, the County was alerted to the issue of prejudice, and was afforded an opportunity to pre-

sent any facts tending to show that it would be unduly prejudiced in the event that August 14, 2007 were deemed to be the date of the commencement of this action.

Furthermore, the MacLeods' argument that CPLR 2001 requires that August 14, 2007 be deemed the date of the commencement of this action is meritorious. Indeed, the record makes it abundantly clear that the granting of such relief will not prejudice a substantial right of the County, and that the granting of such relief is necessary to ensure that the MacLeods suffer no adverse consequences from their technical mistake with respect to the commencement of this action.

The act of filing the initial summons and complaint marked the interposition of the claims in that complaint for statute of limitations purposes (*see* CPLR 203 [c]; *Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95, 100 [2001]; *Matter of Grant v Senkowski,* 95 NY2d 605, 608-609 [2001]; *Perez v Paramount Communications,* 92 NY2d 749, 754-755 [1999]; *Matter of Fry v Village of Tarrytown,* 89 NY2d at 719; *Matter of Gershel v Porr,* 89 NY2d at 330-331; *Matter of Spodek v New York State Commr. of Taxation & Fin.,* 85 NY2d 760, 763 [1995]). Since the MacLeods filed the first summons and complaint (*see* CPLR 304 [a]) within one year and 90 days of the accident and, hence, prior to the expiration of the statute of limitations applicable to the County (*see* General Municipal Law § 50-i [1] [c]), the MacLeods interposed their claims against the County in a timely manner. Therefore, contrary to the County's contention, deeming August 14, 2007 to be the date of the commencement of this action will not result in the County being deprived of a viable statute of limitations' defense (*cf. Goldenberg v Westchester County Health Care Corp.,* 68 AD3d 1056, 1057 [2009], *lv granted* 14 NY3d 709 [2010]; Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 529, at 5 [emphasizing that the amendment to CPLR 2001 was not intended to permit a court to "excuse a complete failure to file" initiatory papers "within the statute of limitations"]).

In addition, after the MacLeods mistakenly filed the initial summons and complaint under the index number assigned to the concluded disclosure proceeding on August 14, 2007 the County litigated the matter without raising any objection predicated upon the MacLeods' mistake. Indeed, the County interposed an answer to that complaint containing no affirmative defense based on the mistake, failed to make a motion to dismiss that complaint, and engaged in discovery up until the

point that the mistake came to light. In light of this course of conduct, it is apparent that the County considered itself to be a defendant in a properly commenced personal injury action. Accordingly, it is difficult to see how deeming August 14, 2007 to be the date of the commencement of this action could possibly prejudice a substantial right of the County.

Finally, we observe that deeming August 14, 2007 to be the date of the commencement of the instant action will not result in the Supreme Court entertaining an action over which it lacks subject matter jurisdiction (*cf. Matter of Miller v Waters*, 51 AD3d 113, 116-118 [2008]). Although the legislative history underlying the amendment to CPLR 2001 reflects that the amendment was not intended to permit a court to excuse a mistake with regard to the commencement of an action or special proceeding that results in the court entertaining an action or special proceeding over which it lacks subject matter jurisdiction (*see* Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 529, at 5-6), the MacLeods' mistake, involving a failure to pay the index number fee and the filing of initiatory papers in a personal injury action under an index number assigned to a concluded special proceeding, did not have any impact upon the Supreme Court's subject matter jurisdiction (*see Harris v Niagara Falls Bd. of Educ.*, 6 NY3d at 159).

In summary, as with the mistake made by the plaintiff in *John M. Horvath, D.C., P.C. v Progressive Cas. Ins. Co.* (24 Misc 3d 194, 202 [2009]), where the court engaged in a thoughtful analysis of the amendment to CPLR 2001, the MacLeods' mistake with respect to the commencement of this action can be described as a technical, nonprejudicial procedural misstep that a court is obligated to disregard (*see Matter of United Servs. Auto. Assn. v Kungel*, 72 AD3d 517 [1st Dept 2010]). Since, as discussed above, that obligation will be satisfied by deeming August 14, 2007 to be the date of the commencement of this action, the order is reversed, on the law, and the plaintiffs' motion, inter alia, to deem August 14, 2007 to be the date of the commencement of the action is granted.

SKELOS, J.P., SANTUCCI and BALKIN, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion, inter alia, to deem August 14, 2007 to be the date of the commencement of the action is granted.