OPINION OF THE COURT
Daniel Palmieri, J.
The motion by the defendants pursuant to CPLR 3211 (a) (2), (5) and (10) to dismiss the complaint based upon plaintiffs failure to timely file a summons with notice or summons and complaint (motion sequence No. 005) is granted pursuant to CPLR 3211 (a) (2) and (5).
The motion by the defendants pursuant to CPLR 3126 or, in the alternative, Insurance Law article 51, for an order dismissing the complaint (motion sequence No. 004) is granted pursuant to CPLR 3126 for the plaintiffs failure to appear for an independent medical examination, in violation of this court’s prior order dated April 9, 2010.
The motion by the plaintiff pursuant to CPLR 5015 for an order vacating the court’s conditional order of preclusion dated April 9, 2010 (motion sequence No. 006) is denied.
This is an action based upon a motor vehicle accident that occurred on March 13, 2007, which plaintiff alleges was caused by a Village of Freeport employee, Surasitt Ngernak, acting within the scope of his employment. Although want of a “serious injury” under the Insurance Law is claimed by defendants, the court finds that the key issues on these motions concern commencement of an action and compliance with court directives on disclosure.
In the Supreme Court an action is commenced by the filing of a summons with notice, or a summons and complaint, with the County Clerk. (CPLR 304 [a]; 2102 [a].) Such filing cannot be accomplished without paying the required fee. (CPLR 304 [c].) *170 It is undisputed that the plaintiff purchased an index number on January 24, 2008. A summons and verified complaint were served on the Village and Ngernak in February 2008. In that complaint, at paragraph 6, plaintiff alleged that “[t]his action was commenced within one year from the date the cause of action arose.” In their answer, the defendants denied this allegation in the paragraph designated “THIRD.”
The court turns first to the motion to dismiss based upon want of subject matter jurisdiction, the expiration of the statute of limitations, and failure to join a necessary party. Defendants’ attorney, upon personal knowledge based upon a review he undertook of the County Clerk’s records and the physical file itself, and presentation of a clerk’s abstract of filings, has presented prima facie proof that no summons with notice or summons and complaint was ever filed in this case. The abstract notes the index number purchase, and also on that day an entry is seen for an RJI (request for judicial intervention), but nothing further. Additional entries are present for an affidavit of service and several orders and other papers on later dates, through April 19, 2010, but again do not note the filing of a summons with notice or summons and complaint.
In response, the plaintiffs attorney states that “simultaneous with the purchase of an Index number is the filing of the Summons and Complaint.” However, plaintiff does not present a clerk-stamped copy of these papers, nor does the attorney make a direct statement that the attorney personally filed them but did not receive, or has misplaced, the stamped copy.
Plaintiff also presents the affidavit of Bruce Smilowitz, president of R/D Travelers Process Service. He states that on or about January 24, 2008, his office was called upon to serve process on the defendants. He describes his office procedure, which, in brief, is to take the summons and complaint and a check to the Nassau County Clerk to pay for the index number and to file the papers. Service on the defendants was then effectuated, and affidavits of service, with copies of the summons and complaint, were filed with the Clerk. He states that the index number was purchased solely for the service and filing of the summons and complaint. His affidavit concludes with the following: “There was absolutely no reason not to file the Summons and Complaint in the above matter and one can only conclude that the papers were filed but misplaced by the Clerk.”
In addition, the plaintiff submits a stamp identified as that of the Nassau County Clerk, but it is dated February 20, 2008 and *171 is on a blank piece of paper, except for two handwritten notations that clearly are not a summons and complaint. Also presented is a copy of a section of the Clerk’s minutes book, which under “Filing Date” and “Document Description” notes a date of February 20, 2008, an “affidavit of SE” in this case, and under “Notations” the following: 2A/S S/C. Again, however, there is no indication of the filing of the summons and complaint.
The Smilowitz affidavit makes logical sense in its description of office procedure, but absent is any statement that he has personal knowledge that the summons and complaint in this particular case were tendered to the Clerk at the time the index number was purchased. Given that fact, his conclusion that the Clerk’s office misplaced these papers is little more than speculation. Further, it requires the court to find that not only did County Clerk personnel misplace the papers — based upon no more than a statement of the process server’s office procedure, not the County Clerk’s — but that no one ever made an entry of their existence at any time subsequent to the filing, even though the papers were tendered. That is too great a leap to make on the evidence presented. The court therefore is constrained to conclude that no filing of the summons and complaint occurred.
Plaintiff next argues that the alleged failure to properly file implicates personal jurisdiction but not subject matter jurisdiction, citing Matter of Fry v Village of Tarrytown (89 NY2d 714 [1997]), and that the jurisdictional objection has been waived by a failure to timely assert the objection in the pleading. (CPLR 3211 [e].) She also points to the 2007 revision to CPLR 2001, which gave courts the ability to permit correction of “a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process.”
However, recent case authority has made it clear that nonfiling, as opposed to defects in the filing process — the issue before the Fry Court — remains a nonwaivable jurisdictional defect. (Matter of Miller v Waters, 51 AD3d 113, 117-118 [3d Dept 2008], citing Matter of Mendon Ponds Neighborhood Assn. v Dehm, 98 NY2d 745, 747 [2002].) The Miller Court specifically noted that the amendment to CPLR 2001 “was not intended to allow courts to create subject matter jurisdiction where it does not exist.” (51 AD3d at 117.)
The petitioner in Miller had erroneously filed his papers with the office of the administrative clerk of the Supreme and County *172 Courts, rather than with the County Clerk, and this was held fatal under Mendon Ponds. In the instant matter, there was no filing at all. As no contrary authority from the Court of Appeals or the Appellate Division, Second Department has been advanced by the plaintiff or found by the Court, the undersigned is bound to follow the determination of the Appellate Division, Third Department in Miller. (Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984].)* Accordingly, the action must be dismissed on the subject matter jurisdictional ground, which is not waivable and may be raised at any time. (D’Angelo v State Ins. Fund, 48 AD3d 400 [2d Dept 2008].)
The plaintiffs reliance on Harris v Niagara Falls Bd. of Educ. (6 NY3d 155 [2006]) is misplaced. She cites it for the proposition that a defect in compliance with the commencement by filing system does not deprive the court of subject matter jurisdiction. However, that motion to dismiss was based upon a failure to pay the required fee, which was described as a commencement “infirmity” that does not implicate subject matter jurisdiction, and thus was waivable if not timely raised. (Id. at 159.) The court did not depart from Mendon Ponds, which was cited but not overruled. It thus is clear that a distinction exists between a defective filing and the complete absence of filing with the proper official. Moreover, and as set forth below, the motion in Harris was based on the expiration of the statute of limitations, which can be waived if not timely raised, but was not in the present case.
Here, as noted above, the allegation of timely commencement of the action was made by the plaintiff and denied by the defendants in the answer. The objection had thus been raised. On the merits, it is undisputed that this action, as it is brought against a municipality and its employee, must have been commenced within one year and 90 days of the accrual of the claim. (General Municipal Law § 50-i.) Here, the claim accrued on March 13, 2007. Accordingly, the action must have been commenced no later than June 11, 2008.
The action never was “commenced” within one year and 90 days and the limitations period thus satisfied, and the defend *173 ants denied timely commencement in their answer. Therefore, to the extent that the defendants’ motion is based on this ground it constitutes a separate basis for dismissal, and the court cannot grant any nunc pro tunc relief under CPLR 2001 because this would impermissibly extend the statute of limitations. (CPLR 201; Goldenberg v Westchester County Health Care Corp., 68 AD3d 1056 [2d Dept 2009].) In view of the foregoing, the court does not reach the final ground of the defendants’ motion, failure to join a necessary party.
Finally, the court also must grant the separate motion of the defendants to dismiss the action for failure of the plaintiff to attend an independent medical examination. By order dated April 9, 2010, the undersigned conditionally granted defendants’ motion to strike pursuant to CPLR 3126. The order gave the plaintiff an opportunity to appear for the examination she had missed, but also stated that “in the event plaintiff fails timely and completely to comply . . . within the aforesaid time period, she shall, without further Order, be precluded from offering any evidence at trial, in a motion, or in any other manner associated with this case.” It is undisputed that the defendants gave written notice to plaintiffs counsel in accord with the order, and that plaintiff nevertheless failed to appear.
In an affidavit, plaintiff seeks to excuse her default by stating that she had moved on multiple occasions over the past several years, and that she was never furnished with any correspondence over the past six months. It was during this time that an orthopedic independent medical examination was scheduled pursuant to the April 9, 2010 order. Absent from the affidavit, however, is any assertion that she left forwarding addresses with the post office, or notified her attorney of her new address or addresses. Stating that “I requested that my mail to be sent to my place of employment” carefully avoids a direct claim that she made this request of her attorney or to the post office. Moreover, she admits that her attorney “did in fact communicate with me by phone advising me of the scheduled orthopedic appointment.”
Under these circumstances, the court concludes that the plaintiffs failure to appear cannot be excused, was wilful and attributable to her and not to her attorney, and that under the terms of the order she is precluded from presenting any evidence at trial or by motion. Discovery directives of the court may not be ignored, especially in a case where a “last chance” is offered in a conditional order. (See Kihl v Pfeffer, 94 NY2d *174 118 [1999]; Umar v Ohrnberger, 72 AD3d 1066 [2d Dept 2010].) The court thus finds that under the April 9, 2010 order the plaintiff cannot make out her case as a matter of law, and the complaint must therefore be dismissed.
In view of the foregoing, the court does not reach that branch of the defendants’ motion that is to dismiss the complaint based on the absence of a “serious injury” under the Insurance Law, and the plaintiffs separate motion for vacatur of the conditional order of preclusion is denied.

 In discussing Miller, Professor Siegel has observed that “[n]othing in the CPLR 2001 amendment is intended to save a case in which the plaintiff has filed only a bare summons . . . The Court of Appeals in 1984 in Parker v. Mack . . . ruled that to be a jurisdictional defect, and it remains so.” (Siegel, NY Prac § 63 [4th ed], 2010 Pocket Part, at 18.) It thus appears unlikely that any appellate court will permit the absence of any filing at all to be corrected under CPLR 2001.