OPINION OF THE COURT
Carolyn E. Demarest, J.
Defendant moves to dismiss this action pursuant to CPLR 3211 (a) (2) and (8) for lack of subject matter and/or personal jurisdiction.
Background
This action arises out of plaintiffs’ allegations that defendant, Mahmoud Ghazal, “wrongfully diverted the assets, customers, good will and trademark of plaintiff Aluxe Better Home Corp.” On November 11, 2013, plaintiffs commenced this action through the State of New York’s electronic filing (hereinafter e-filing) system.[1] The e-filing system issued plaintiffs a confirmation notice with the above titled caption and index number noting that the document filed was a “SUMMONS WITH NOTICE.” However, the document actually filed by plaintiffs’ counsel, on November 11, 2013, was a summons and verified complaint (initial filing) drafted for the related matter, McCord v Douek (Sup Ct, Kings County, index No. 505371/13) (Douek action) that was previously commenced by e-filing on September 11, 2013 by plaintiffs’ counsel. The Douek action is also before this court and Ghazal is not a party in that action.[2] On November 20, 2013, plaintiffs filed an affidavit of service, dated November 12, 2013, indicating that Ghazal was personally *769 served at the Jacob Javits Center with a summons with notice associated with this action’s index number, 507026/13 (summons with notice). The affidavit of service does not list the caption for this or any other action.
On December 20, 2013, defendant made the present motion to dismiss the complaint alleging that the filing of commencement papers invokes this court’s jurisdiction and, as the summons and complaint in the initial filing did not identify Ghazal as a defendant, the action was not commenced against Ghazal and the service of the summons with notice on November 12, 2013 is, therefore, a nullity. In an attempt to correct the error in the initial filing, plaintiffs’ counsel e-filed the summons with notice, dated November 11, 2013, bearing the caption of the instant action, on December 10, 2013, and the confirmation notice from the e-filing system indicates that the fee had previously been paid.
In opposition to the motion, plaintiffs argue that the document in the initial filing was filed in error and the correct summons with notice was filed on December 10, 2013. It is noted that defendant did not dispute that he was served with the summons with notice on November 12, 2013.[3] Plaintiffs argue that the defendant has not alleged any prejudice from the filing error and it should be corrected or disregarded pursuant to CPLR 2001.
The summons and complaint in the initial filing bears the electronic stamp, “FILED: KINGS COUNTY CLERK 11/11/ 2013.” The court takes judicial notice that the procedure in the Kings County Clerk’s office is for a clerk to personally review each document filed when a new action is commenced by e-filing. In certain circumstances, the Kings County Clerk requires a correction and/or the resubmission of corrected documents, nunc pro tunc, when documents are improperly filed (see Kings County Supreme Court, Protocol on Courthouse Procedures for Electronically Filed Cases [rev Feb. 17, 2012], § B [4] at 2;[4] see *770 generally CPLR 2102 [c]). The Kings County Clerk’s review of the initial filing, without notification to plaintiff of the need to submit the correct summons with notice, was an error and the uploaded document in the initial filing should have been returned for correction as it does not contain the same caption as the case under which it is filed in the e-filing system. It is further noted that had the County Clerk properly returned the uploaded document for correction on November 11, 2013, when the initial filing was reviewed by a clerk, plaintiffs would have promptly received notice of the error and been given the opportunity to upload the proper document prior to the service of the summons with notice on November 12, 2013.
Discussion
As the State of New York has moved toward e-filing, “[p]erhaps not unexpectedly, there are glitches associated with the initiation of the new e-filing system” (Grskovic v Holmes, 111 AD3d 234, 235-236 [2d Dept 2013]). The sole issue in this motion is whether this court may disregard or correct the defect in the plaintiffs’ e-filing of the summons with notice under CPLR 2001.
“In 1992 the Legislature converted civil practice in the Supreme Court and the County Courts from a commencement-by-service system to a commencement-by-filing system” (MacLeod v County of Nassau, 75 AD3d 57, 60 [2d Dept 2010], citing L 1992, ch 216, §§ 4, 27). Under the commencement-by-filing system, an action is commenced by filing a summons and complaint or summons with notice with the clerk of the county in which the proceeding is brought (see MacLeod, 75 AD3d at 60; CPLR 304 [a], [c]; CPLR 2102 [a]).
“Upon the filing of the initiatory papers, an index number ‘shall be assigned’ to the action or special proceeding (CPLR 306-a [a]). In addition, upon the filing of the initiatory papers, the plaintiff or petitioner ‘shall’ pay the index number fee (CPLR 306-a [a]; see CPLR 8018 [a]). As recognized by the Court of Appeals, the ‘main reason’ for the conversion of the commencement-by-service system to a commencement-by-filing system was to generate *771 revenue for the State through the payment of the index number fee” (MacLeod, 75 AD3d at 60-61 [some citations omitted]).
“After the conversion to the commencement-by-filing system, the Court of Appeals decided a series of cases in which that Court determined that certain mistakes with respect to the commencement of an action or special proceeding would, upon the timely objection of the defendant or respondent, warrant the dismissal of the action or special proceeding” (MacLeod, 75 AD3d at 61).
In MacLeod, the Appellate Division, Second Department discussed the outcomes in those Court of Appeals decisions, how commentators were concerned that, as a result of those outcomes, “courts might be required to dismiss an action or special proceeding because of an ‘innocent and totally unprejudicial’ mistake made by a plaintiff or petitioner with respect to the commencement of the action or special proceeding,” and how those concerns ultimately led to the amendment of CPLR 2001 which now reads:
“At any stage of an action, including the filing of a summons with notice, summons and complaint or petition to commence an action, the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid.” (MacLeod, 75 AD3d at 61-63 [emphasis omitted], citing CPLR 2001.)
The amendment of CPLR 2001 has led to a number of decisions in which courts have addressed whether, in cases of improper commencement of an action, they have subject matter jurisdiction that permits the correction or disregard of an error or omission in the filing.
In support of the motion to dismiss, defendant relies on two lines of cases where courts did not have the authority to correct or disregard a filing error pursuant to CPLR 2001. In the first line of cases, the plaintiff completely failed to file the commencing papers with the clerk prior to serving the commencement papers, rendering the action a nullity (see Goldenberg v Westchester County Health Care Corp., 68 AD3d 1056, 1057 [2d Dept *772 2009] [holding “the plaintiff cannot rely upon the remedial language of CPLR 2001 to cure his error, since that statute does not excuse a complete failure to file within the statute of limitations, as occurred here”], affd 16 NY3d 323, 328 [2011] [“(g)iven the absence of a summons, there was ‘a complete failure to file within the statute of limitations,’ which CPLR 2001 does not allow a trial judge to disregard”]; Giaquinto v Long Is. Rubbish Removal E. Corp., 32 Misc 3d 262, 263 [Sup Ct, Suffolk County 2011] [holding that the “nonfiling of the papers necessary to institute the action is a nonwaivable, jurisdictional defect rendering the action or proceeding a nullity”]; Matter of Peterkin v Marcy Houses, 87 AD3d 649, 650 [2d Dept 2011] [although the court did not address CPLR 2001, it held that “(t)he failure to file the initial papers necessary to institute a proceeding constitutes a nonwaivable jurisdictional defect rendering the proceeding a nullity” and the proceeding must be dismissed due to the court’s lack of subject matter jurisdiction]).
In the second line of cases, due to an error in filing the commencement papers, the court did not have subject matter jurisdiction and, therefore, lacked the ability to correct or disregard the error pursuant to CPLR 2001 (Matter of Miller v Waters, 51 AD3d 113, 117 [3d Dept 2008] [where petitioner improperly filed the initiating papers with an administrative clerk, rather than the county clerk, the court held that “it (was) not the type of error that falls within the court’s discretion to correct under CPLR 2001”]; Reyes-Peralta v Ngernak, 30 Misc 3d 168, 172 [Sup Ct, Nassau County 2010] [holding that where plaintiff purchased an index number, but did not file the summons and complaint, the court was bound by the Miller decision, as there was no contrary authority from the Court of Appeals or the Appellate Division, Second Department,[5] 6 and the dismissal of the action for lack of subject matter jurisdiction was required]). In Miller, the Court cited to the sponsor’s memorandum for the legislative intent of the CPLR 2001 amendment: “[T]he purpose of this measure is to clarify that a mistake in the method of filing, AS OPPOSED TO A MISTAKE IN WHAT IS FILED, is a mistake subject to correction in the court’s discretion” (Miller, 51 AD3d at 118, citing Sponsor’s Mem, Bill Jacket, L 2007, ch 529).
*773 In opposition to the motion, plaintiffs argue that the first line of cases cited by defendant is inapplicable as plaintiffs purchased a new index number with the proper caption and filed commencement papers, albeit incorrect papers from a related case with a similar caption, prior to serving the defendant. The plaintiffs further argue that the Appellate Division, Second Department has disregarded and corrected minor defects in the filing process under CPLR 2001 where there is no prejudice to the defendant (see MacLeod, 75 AD3d at 65 [holding that the plaintiffs improper filing of a summons and complaint in a separate proceeding, and failing to pay the filing fee or obtain an index number prior to serving the summons and complaint, was a “mistake with respect to the commencement of (the) action (and) can be described as a technical, nonprejudicial procedural misstep that a court is obligated to disregard”]; Grskovic, 111 AD3d at 242-243 [holding that the court was permitted to correct a filing error where the plaintiffs attorney mistakenly e-filed the commencing papers in the “practice/training” system, instead of the “live” system, and noted “(t)he mistake made by the plaintiffs counsel here was caused, in large part, by the glitches in the new e-filing system and counsel’s unfamiliarity with it”]).
Defendant argues that the cases cited by plaintiffs are inapplicable to the present action as those plaintiffs filed the correct commencement papers in the improper manner, thereby giving the courts subject matter jurisdiction. In the present case, defendant argues that the plaintiffs filed the incorrect commencement papers in the proper manner, thereby depriving the court of subject matter jurisdiction.
Although the immediate issue of the court’s disputed subject matter jurisdiction, based upon the uploading of an incorrect commencing document in New York’s new e-filing system, does not appear to have been directly addressed by any court, the Appellate Division, Second Department has recently articulated that the courts are permitted to correct a mistake caused “in large part, by the glitches in the new e-filing system and counsel’s unfamiliarity with it” (see Grskovic, 111 AD3d at 242). Upon review of the e-filed confirmation document issued to plaintiffs’ counsel on November 11, 2013, and the documents submitted in support of and in opposition to the motion, it is clear that on November 11, 2013, plaintiffs’ counsel electronically commenced a new action, properly identified Ghazal as a defendant in the e-filing system, paid the proper fee for an index *774 number, uploaded a document identified as a “summons with notice” in the e-filing system, served Ghazal with the proper summons with notice the following day, properly uploaded an affidavit of service for the summons with notice with the corresponding index number purchased, and promptly uploaded the correct summons with notice upon learning of the initial filing error. Further, even the Kings County Clerk, which reviewed the initial filing on November 11, 2013, did not notice the error or notify the plaintiffs that a correction was necessary as is its standard procedure pursuant to the Kings County Supreme Court Protocol on Courthouse Procedures for Electronically Filed Cases (rev Feb. 17, 2012). The only error in commencing this action was the selection of the wrong file on plaintiffs’ counsel’s computer when prompted by the e-filing system to select the file to be uploaded. Accordingly, the plaintiffs’ counsel’s uploading of the summons with notice was performed in a mistaken manner and method and, pursuant to CPLR 2001, the court may correct the mistake (see Grskovic, 111 AD3d at 242). Alternatively, since defendant has not articulated any prejudice that would result, the court may be required to disregard the error (see Grskovic, 111 AD3d at 243; see also Johns v Van Brunt Motors, Inc., 89 AD3d 1188, 1189-1190 [3d Dept 2011] [court permitted to disregard plaintiffs error of serving defendant with only a summons, despite filing a summons and complaint, where “defendant (did) not claim that its ability to defend (the) action (was) in any way compromised”]).[6]
Defendant’s contention that this court does not have subject matter jurisdiction to address the filing error, pursuant to CPLR 2001, is unavailing. In Goldenberg, the Court of Appeals held that it was the plaintiffs “complete failure to file within the statute of limitations” which prohibited the trial judge from *775 correcting or disregarding an error pursuant to CPLR 2001 (Goldenberg, 16 NY3d at 328). However, the Court specifically noted that it “[did] not address whether the trial judge would have possessed discretion under CPLR 2001 to make allowances for or ignore the differences between the proposed and served complaints if a summons had, in fact, been filed” (Goldenberg, 16 NY3d at 328 n 4). Although defendant cites to Miller for the assertion that “[CPLR 2001] was not intended to allow courts to create subject matter jurisdiction where it does not exist” (Miller, 51 AD3d at 117), in MacLeod, the Appellate Division, Second Department specifically noted the holding in Miller and found that where a plaintiff improperly filed a complaint in a separate proceeding, and failed to pay the filing fee or obtain an index number, as is required pursuant to CPLR 304, the court maintained subject matter jurisdiction (see MacLeod, 75 AD3d at 65). Further, the remaining cases cited by defendant, where it was determined that a court did not have subject matter jurisdiction, are distinguishable from the present action as those commencing parties completely failed to file a pleading, as opposed to the present action in which the plaintiffs mistakenly selected an incorrect file when uploading the pleading (see Giaquinto, 32 Misc 3d at 263 [noting “(a) summons is not included among the papers served and filed by the plaintiff in connection with the instant motion for summary judgment in lieu of complaint”]; Peterkin, 87 AD3d at 650 [noting “since the petitioner failed to file the petition, the ‘proceeding’ was a nullity”]; Reyes-Peralta, 30 Misc 3d at 172 [noting “(i)n the instant matter, there was no filing at all”]).
Defendant’s argument that the court does not have personal jurisdiction over the defendant, because he was not served with the erroneously filed papers in which he is not named as a party, is unavailing. Defendant’s motion to dismiss for lack of personal jurisdiction is denied as the defendant has not contested that he was served with the correct summons with notice.
Accordingly, pursuant to the Appellate Division, Second Department’s CPLR 2001 analyses in Grskovic and MacLeod, the summons with notice, e-filed on December 10, 2013, is deemed filed with the Kings County Clerk, nunc pro tunc, on November 11, 2013 (see Grskovic, 111 AD3d at 242; MacLeod, 75 AD3d at 65).
Conclusion
Accordingly, the defendant’s motion is denied.

. Pursuant to the Kings County Supreme Court “Protocol on Courthouse Procedures For Electronically Filed Cases” and 22 NYCRR 202.5-bb, “E-filing is mandatory in commercial cases commenced in [Kings County Supreme] Court on or after February 27, 2012, where the amount in controversy is $75,000.00 or more” (Kings County Supreme Court, Protocol on Courthouse Procedures For Electronically Filed Cases [rev Feb. 17, 2012] at 1, http:// www.nycourts.gov/courts/2jd/kings/civil/Kings-E-File-ProtocoL2.17.2012.pdf).

. In the Douek action, the same plaintiffs allege that a number of entities diverted the assets, customers, good will and trademark of plaintiff Aluxe Better Home Corp. Plaintiffs allege that Ghazal is a principal of one of the defendants in the Douek action, MAGHSO International.

. In the defendant’s reply, Ghazal’s attorney states that plaintiffs “served the Summons with Notice without first filing the same with the Kings County Clerk.” No affidavit by the defendant was submitted in support of the motion. Accordingly, the service of the summons with notice on Ghazal is deemed admitted.

. Section B (4) of the Kings County Supreme Court Protocol on Courthouse Procedures for Electronically Filed Cases (rev Feb. 17, 2012) states:
“Errors Upon Submission; Submission of documents which, upon examination, require correction or addition will result in *770 notification to the filer advising that there is a problem with a document. The filer shall make the required corrections and/or additions and resubmit the corrected document. In the event a document is returned for correction, the original file date will be preserved.”

. It is noted that while Grskovic v Holmes (111 AD3d 234 [2d Dept 2013]), discussed infra, had not been rendered at the time of the Reyes-Peralta decision, MacLeod was decided five months prior to the Reyes-Peralta decision and distinguishes Miller. It is not clear whether MacLeod was considered by the court in Reyes-Peralta.

. In a number of cases in which courts have addressed the disregard or correction of filing errors pursuant to CPLR 2001, defendants have asserted that the court’s intervention would be prejudicial as it would prohibit the defendant from raising a statute of limitations defense (see MacLeod, 75 AD3d at 61; Reyes-Peralta, 30 Mice 3d at 173; Goldenberg, 16 NY3d at 326; CPLR 201). However, defendant has not claimed that the correction or disregard of the error here would be prejudicial to such a defense, nor is there any suggestion that the statute of limitations would preclude litigation of plaintiffs’ claims. Rather, counsel disclosed at oral argument that Ghazal lives abroad and that service of a new complaint would be very difficult for plaintiffs. Since avoidance of de novo service is not a “substantial right of a party” within the contemplation of CPLR 2001, and defendant does not dispute that he was served with the correct summons with notice, the uploading error is the exact “innocent and totally unprejudicial” mistake which led to the amendment of CPLR 2001 requiring the disregard of such error (see MacLeod, 75 AD3d at 62).