Deutsche Bank Trust Co. Ams. v DiGioia (2024 NY Slip Op 06403)

Deutsche Bank Trust Co. Ams. v DiGioia

2024 NY Slip Op 06403

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

CV-23-1403
[*1]Deutsche Bank Trust Company Americas, as Trustee, Appellant,
v
Michael DiGioia et al., Defendants, and Darla Coppola, Respondent.

Calendar Date:November 19, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, McShan and Mackey, JJ.

Hinshaw & Culbertson LLP, New York City (Leah R. Lenz of counsel), for appellant.
Sciocchetti Taber, PLLC, Latham (Kenneth M. Schwartz of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (Michael R. Cuevas, J.), entered July 17, 2023 in Schenectady County, which granted defendant Darla Coppola's motion for summary judgment dismissing the complaint against her.
Defendants Michael DiGioia and Darla Coppola (hereinafter collectively referred to as defendants) executed a note to borrow $228,800 from plaintiff's predecessor, secured by a mortgage on real property located in Schenectady County. In October 2008, defendants defaulted on the loan. After assignment of the note to plaintiff, this foreclosure action was commenced in September 2013.[FN1] Coppola was served with the summons, complaint and notice of pendency in January 2022, and thereafter answered and asserted several affirmative defenses, including, as relevant here, that the action was time-barred. Approximately one year later, Coppola moved for summary judgment on several grounds. Supreme Court granted the motion on the basis that the action was untimely, requiring dismissal of the complaint as against Coppola.[FN2] Plaintiff appeals.
The sole issue this Court is tasked with addressing is whether the action was timely commenced. "An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213 [4]), which begins to run from the due date of each unpaid installment, from the date the mortgagee is entitled to demand full payment, or from the date the mortgage debt has been accelerated" (Bank of Am., N.A. v Scher, 205 AD3d 985, 988 [2d Dept 2022] [citations omitted]; see Wells Fargo Bank, N.A. v Welch, 223 AD3d 993, 994 [3d Dept 2024]). Acceleration occurs when, among other things, a lender demands payment in full by commencing a foreclosure action (see GMAT Legal Tit. Trust 2014-1, US Bank N.A. v Wood, 192 AD3d 1285, 1287 [3d Dept 2021]; Bank of N.Y. Mellon v Celestin, 164 AD3d 733, 736 [2d Dept 2018]). The operative date for determining whether a claim was interposed within the limitations period is the date of commencement, and "an action is commenced upon the filing of the summons and complaint, not service" (Security Mut. Life Ins. Co. of N.Y. v DiPasquale, 271 AD2d 268, 269 [1st Dept 2000]; see CPLR 203 [c]; 304 [a]; Goldenberg v Westchester County Health Care Corp., 68 AD3d 1056, 1056 [2d Dept 2009], affd 16 NY3d 323 [2011]).
Supreme Court incorrectly determined that plaintiff's claim was interposed upon Coppola when she was served with process in January 2022, rather than upon the filing of the summons and complaint in September 2013. That said, whether the date of accrual of plaintiff's claim is considered to be October 2008 when defendants defaulted, or September 2013 when the debt was accelerated, plaintiff did not run afoul of the limitations period. Given the foregoing, Coppola's motion should have been denied in its entirety.
Aarons, J.P., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, with costs, by reversing so much thereof as partially granted [*2]Coppola's motion for summary judgment; motion denied in its entirety; and, as so modified, affirmed.

Footnotes

Footnote 1: Following commencement, DiGioia deeded his interest in the real property to Prime Property Protection, LLC, which was substituted in place of DiGioia and is not involved in this appeal.

Footnote 2: Supreme Court ruled on each of the other grounds asserted in the motion and determined them to be without merit.