■ NANCY WALDBAUM NIMKOFF, Respondent, v RONALD A. NIMKOFF, Appellant. [992 NYS2d 400]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered October 9, 2012, which, to the extent appealed from as limited by the briefs, confirmed the Special Referee's recommendations as to the allocation of the parties' 2001 federal and state tax refunds and the distribution of their JP Morgan bank

account and their wedding gifts, and denied defendant's motion to reject the Referee's denial of his motion to vacate his default, and order, same court and Justice, entered October 8, 2013, to the extent it rejected the Special Referee's recommendation as to defendant's obligations for basic child support and statutory add-on expenses and determined those obligations anew, unanimously affirmed, without costs. Appeal from so much of the October 8, 2013 order as denied defendant's request for reconsideration of his motion to vacate his default, deemed a motion to reargue, unanimously dismissed, without costs, as nonappealable. Order, same court and Justice, entered December 4, 2012, to the extent it sanctioned defendant, unanimously reversed, on the law, without costs, and the order vacated.

Assuming, without determining, that defendant had a reasonable excuse for his default in appearing at the hearing on equitable distribution and child support, vacatur of the default is nonetheless unwarranted because defendant failed to adduce sufficient evidence to demonstrate a meritorious claim (*see Atwater v Mace*, 39 AD3d 573, 574 [2d Dept 2007]).

The court also correctly determined that the filing of the parties' 2001 joint federal and state tax returns should not be regarded as creating a joint tenancy with a right of survivorship in the resulting refunds (*see Angelo v Angelo*, 74 AD2d 327, 330-334 [2d Dept 1980]). Under the terms of the parties' prenuptial agreement, since the tax refunds are not specifically identified as marital property, they must be regarded as separate property of which each party is entitled to a pro rata share.

However, the court improperly imposed on defendant, "as sanctions," plaintiff's costs in responding to his motion for sanctions against her, since it set forth no finding that defendant's conduct was frivolous (*see* 22 NYCRR 130-1.2). Nor, assuming it intended to award costs, rather than sanctions, did the court provide the requisite explanation why the amount awarded was appropriate (*see id.*).

We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Saxe and Feinman, JJ.