■ RUTH GABRIELLE TAORMINA, Respondent, v JOSEPH TAORMINA, Appellant. [15 NYS3d 694]—Appeal from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated May 28, 2014. The order granted the plaintiff's motion for an award of a counsel fee to the extent that it directed the defendant to pay the plaintiff a counsel fee in the amount of $7,781.25.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for an award of a counsel fee is denied.

The plaintiff sought an award of a counsel fee pursuant to a judgment of divorce in connection with the defendant's alleged defaults as to certain obligations set forth in that judgment. The judgment, however, required the nondefaulting party to give notice of alleged defaults by certified mail, and it is undisputed that the plaintiff did not give the defendant notice

of any alleged defaults by certified mail. Accordingly, the plaintiff was not entitled to an award of a counsel fee pursuant to the judgment (*see Dallin v Dallin*, 225 AD2d 728, 728 [1996]). Since the record does not reflect that the defendant's alleged defaults as to certain obligations set forth in the judgment were "willful" within the meaning of Domestic Relations Law § 237 (c), that statute does not provide a proper alternative basis for the award of a counsel fee to the plaintiff (*see Webber v Webber*, 30 AD3d 723, 724 [2006]). Therefore, the Supreme Court erred in awarding the plaintiff a counsel fee.

In light of our determination, we need not address the defendant's remaining contention (*cf. Reynolds v Reynolds*, 300 AD2d 645, 646-647 [2002]). Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.