■ In the Matter of RONALD A. NIMKOFF, Appellant, v NANCY WALDBAUM NIMKOFF, Respondent. [47 NYS3d 349]—

Appeal by the father from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated April 12, 2016. The order denied the father's objections to an order of that court (Elizabeth A. Bloom, S.M.), dated January 6, 2016, which dismissed his petition for a downward modification of his child support obligation without prejudice on the ground of lack of subject matter jurisdiction.

Ordered that the order dated April 12, 2016, is reversed, on the law, without costs or disbursements, the father's objections are granted, the order dated January 6, 2016, is vacated, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith.

The parties, who had one child, were divorced by a judgment of the Supreme Court, New York County (Laura Drager, J.), dated May 29, 2014. Prior to the judgment of divorce, that court, in an order dated October 3, 2013, set the father's monthly child support obligation at $695 plus 36% of the child's statutory add-on expenses. That portion of the October 3, 2013, order was affirmed by the Appellate Division, First Department (*see Nimkoff v Nimkoff*, 120 AD3d 1099 [2014]). The judgment of divorce incorporated the order dated October 3, 2013.

On June 18, 2015, the father commenced this proceeding in the Family Court, Nassau County, seeking a downward modification of his child support obligation based on a substantial change of circumstances and a change in both party's gross income by 15% or more (*see* Family Ct Act § 451 [3] [a], [b] [ii]). The petition cited the October 3, 2013, order as the final child support order, and alleged that the father's income had substantially decreased, while the mother's income had substantially increased, since the order. The mother moved to

dismiss the petition on the grounds of documentary evidence, res judicata and collateral estoppel, and a failure to state a cause of action. In an order dated January 6, 2016, the Support Magistrate dismissed the petition without prejudice on the ground of lack of subject matter jurisdiction, stating that the Family Court lacked jurisdiction to modify the October 3, 2013 order, which was not a final child support order. The father submitted objections to the Support Magistrate's order. In an order dated April 12, 2016, the Family Court denied the father's objections, stating that the October 3, 2013, order was not a final order of child support and the father should have sought to modify the child support provisions of the judgment of divorce, rather than the October 3, 2013, order. The father appeals.

While the "Family Court is a court of limited jurisdiction, constrained to exercise only those powers granted to it by the State Constitution or by statute" (*Matter of H.M. v E.T.*, 14 NY3d 521, 526 [2010]), it is empowered to determine applications to modify judgments and orders of child support (*see* NY Const, art VI, § 13; Family Ct Act §§ 115 [a] [ii]; 451, 461 [b] [ii]; *Matter of Chemung County Support Collection Unit v Greenfield*, 109 AD3d 4 [2013]). Where, as here, the Supreme Court has set child support in a judgment of divorce and does not retain exclusive jurisdiction to modify the award, the Family Court has jurisdiction to entertain an application to modify the child support provisions of the judgment of divorce (*see* Family Ct Act § 461 [b] [ii]; *Matter of O'Dell v O'Dell*, 104 AD3d 770 [2013]).

Although the father, in his petition, mistakenly referred to the October 3, 2013, order as the final order of child support, rather than the judgment of divorce, the judgment of divorce incorporating the prior order was before the Support Magistrate, and it was clear that the father sought downward modification of the support obligation imposed in the judgment of divorce—an application the Family Court had the subject matter jurisdiction to determine (*see* Family Ct Act § 461 [b] [ii]; *Matter of O'Dell v O'Dell*, 104 AD3d 770 [2013]). The mother moved to dismiss the petition on the merits, and was not prejudiced by the father's mistake in identifying the proper final order of support. Since no substantial right of the mother was prejudiced by the father's error, the mistake should have been disregarded and the petition and motion to dismiss the petition entertained on their merits (*see* CPLR 2001; *Matter of Ramirez v Palacios*, 136 AD3d 666, 667-668 [2016]). Accordingly, the Family Court should have granted the father's objec-

tions, vacated the Support Magistrate's order, and remitted the matter to the Support Magistrate to determine the mother's motion to dismiss on the merits (*see Matter of O'Dell v O'Dell,* 104 AD3d at 771).

We decline the mother's request to impose costs on the father for an allegedly frivolous appeal (*see* 22 NYCRR 130-1.1 [a]). Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.