Appeal by the plaintiff from an order of the Supreme Court, Suffolk County (Stephen M. Behar, J.), dated July 14, 2014. The order, insofar as appealed from, denied that branch of the plaintiff’s motion which was for an award of an attorney’s fee, and granted that branch of the plaintiff’s motion which was to direct the sale of the former marital residence and an equitable distribution of the parties’ respective interests therein to the extent of directing the sale of the former marital residence pursuant to the parties’ judgment of divorce.
 

 Ordered that the appeal from so much of the order as granted that branch of the plaintiff’s motion which was to direct the sale of the former marital residence and an equitable distribution of the parties’ respective interests therein to the extent of directing the sale of the former marital residence pursuant to the parties’ judgment of divorce is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
 

 Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.
 

 The parties were divorced by a judgment of divorce entered February 9, 2004. Stipulations which were incorporated but not merged into the judgment of divorce provided for, among other things, the disposition of the marital residence. As relevant here, the judgment of divorce provided that the Supreme Court would retain jurisdiction over the matter for the purpose of, among other things, enforcing the stipulations and “making such further judgment as it finds appropriate under the circumstances existing at the time application for that purpose is made to it.”
 

 In January 2014, the plaintiff moved to direct the defendant to transfer her interest in the former marital residence to him or, in the alternative, to direct the sale of the former marital residence and “the equitable distribution of the parties [‘] interest in the marital residence,” and for an award of an attorney’s fee. In an order dated July 14, 2014, the Supreme Court, inter alia, denied that branch of the plaintiff’s motion which was for an award of an attorney’s fee, and granted that branch of the plaintiff’s motion which was to direct the sale of the former marital residence and an equitable distribution of the parties’ respective interests therein to the extent of directing the sale of the former marital residence pursuant to the parties’ judgment of divorce.
 

 The plaintiff contends that the Supreme Court, in effect, did not grant the relief he sought with respect to the former marital residence because, inter alia, any division of the proceeds of the sale pursuant to the judgment of divorce would not take into account payments he made in reliance on a purported letter agreement dated July 6, 2007. This contention is without merit. As the plaintiff concedes, his motion did not seek specific performance of the letter agreement. Moreover, in an affidavit in support of his alternative request for relief, he expressly requested that the court direct the sale pursuant to the judgment of divorce and acknowledged the court’s continuing jurisdiction to effect an equitable distribution of the proceeds upon the ultimate sale of the property. Accordingly, the plaintiff is not aggrieved by this portion of the order and his appeal therefrom must be dismissed (see CPLR 5511).
 

 Contrary to the plaintiff’s contention, the Supreme Court providently exercised its discretion in denying that branch of his motion which was for an award of an attorney’s fee (see Taormina v Taormina, 131 AD3d 696, 696-697 [2015]; DiFiore v DiFiore, 87 AD3d 971, 975 [2011]).
 

 We decline the defendant’s request to impose costs on the plaintiff for an allegedly frivolous appeal (see 22 NYCRR 130-1.1 [a]; Matter of Nimkoff v Nimkoff, 147 AD3d 850, 852 [2017]).
 

 Balkin, J.R, Austin, Roman and LaSalle, JJ., concur.
 

 Motion by the defendant on an appeal from an order of the Supreme Court, Suffolk County, dated July 14, 2014, inter alia, to dismiss stated portions of the appeal on the ground that they have been rendered academic by an order of the same court dated June 10, 2015, and for this Court to take judicial notice of the order dated June 10, 2015. By decision and order on motion of this Court dated January 21, 2016, those branches of the defendant’s motion which were to dismiss stated portions of the appeal, and for this Court to take judicial notice of the order dated June 10, 2015, were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
 

 Upon the papers filed in support of the motion, and the papers filed in opposition thereto, and upon the argument of the appeal, it is
 

 Ordered that the branch of the defendant’s motion which is to dismiss stated portions of the appeal is denied; and it is further,
 

 Ordered that the branch of the defendant’s motion which is to take judicial notice of the order dated June 10, 2015, is granted.
 

 Motion by the plaintiff on an appeal from an order of the Supreme Court, Suffolk County, dated July 14, 2014, inter alia, to strike the defendant’s brief. By decision and order on motion of this Court dated March 8, 2016, that branch of the plaintiffs motion which was to strike the defendant’s brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
 

 Upon the papers filed in support of the motion, and the papers filed in opposition thereto, and upon the argument of the appeal, it is
 

 Ordered that the branch of the plaintiff’s motion which is to strike the defendant’s brief is denied.