Hernstat v Anthony's Windows on the Lake, Inc. (2018 NY Slip Op 04311)





Hernstat v Anthony's Windows on the Lake, Inc.


2018 NY Slip Op 04311


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-09809
 (Index No. 605784/14)

[*1]Brandi Hernstat, appellant, 
v
Anthony's Windows on the Lake, Inc., et al., respondents.


Levine and Wiss, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
O'Connor, O'Connor, Hintz & Deveney, LLP, Melville, NY (Robert J. Bard of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered September 13, 2016. The order denied the defendants' motion for summary judgment dismissing the complaint based on spoliation of evidence and imposed the lesser sanction of an adverse inference charge, as requested by the plaintiff in opposition to the defendants' motion.
ORDERED that the appeal is dismissed, with costs.
The plaintiff commenced this personal injury action after she fell from an interior staircase at the defendants' premises. The defendants subsequently moved for summary judgment dismissing the complaint based on spoliation of evidence. The defendants contended that their efforts to defend against the action by arguing that the high-heeled shoes worn by the plaintiff at the time of her accident caused or contributed to her fall were fatally compromised by the plaintiff's disposal of the shoes shortly after her accident. In opposition to the motion, the plaintiff contended that the sanction of dismissal was unwarranted, and proposed the imposition of the lesser sanction of an adverse inference charge to be given to the jury at trial. The Supreme Court denied the defendants' motion and imposed the lesser sanction of an adverse inference charge, as requested by the plaintiff. The plaintiff appeals.
The appeal must be dismissed, as the plaintiff is not aggrieved by the order appealed from, which denied the defendants' motion for summary judgment and imposed the lesser sanction of an adverse inference charge in accordance with the plaintiff's request (see CPLR 5511; Pillai v Pillai, 153 AD3d 1290).
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court