Matter of Neiss v Asia (2018 NY Slip Op 06095)





Matter of Neiss v Asia


2018 NY Slip Op 06095


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-01733
 (Index No. 12113/15)

[*1]In the Matter of Yecheskel Neiss, etc., respondent,
v
Joseph Asia, appellant.


The Silber Law Firm, LLC, New York, NY (Meyer Y. Silber of counsel), for appellant.
Robert Hiltzik, Jericho, NY (James Lattmann of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated March 17, 2015, Joseph Asia appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated November 17, 2016. The order, in effect, denied the petition to confirm the arbitration award, granted the cross motion of Joseph Asia to vacate the arbitration award, and dismissed the proceeding.
ORDERED that the appeal is dismissed, with costs, as the appellant is not aggrieved by the order appealed from (see CPLR 5511).
In 2006, Joseph Asia and Charles Neiss Family Limited Partnership, L.P., along with two other individuals, entered into a shareholders agreement regarding the ownership of and financing related to Pos'tive Produce, Inc. (hereinafter PPI). Subsequently, a dispute arose between Asia and Yecheskel Neiss involving, among other things, the amount of money that was owed to each of them by the other with respect to the operation of PPI. Asia and Neiss agreed to submit their dispute to the Rabbinical Court for resolution. In an arbitration decision dated March 17, 2015, the Rabbinical Court determined that Asia did not have an ownership interest in PPI and owed Neiss $1,000,000.
Neiss, individually and on behalf of and as successor in interest to PPI, commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award and for the entry of a judgment in his favor against Asia. Asia cross-moved to vacate the arbitration award, arguing, inter alia, that the Rabbinical Court improperly conducted hearings on Sundays in violation of the Judiciary Law. In an order dated November 17, 2016, the Supreme Court decided the petition and Asia's cross motion by remitting the matter to the Rabbinical Court for rehearing and determination pursuant to CPLR 7511(d), specifying that no hearings or proceedings were to take place on Sundays. Thus, the court, in effect, denied the petition to confirm the arbitration award, granted Asia's cross motion to vacate the arbitration award, and dismissed the proceeding. Asia appeals from the order.
CPLR 7510 provides that "[t]he court shall confirm an [arbitration] award upon application of a party made within one year after its delivery to him [or her], unless the award is vacated or modified upon a ground specified in section 7511." Pursuant to CPLR 7511(d), "[u]pon vacating an award, the court may order a rehearing and determination of all or any of the issues either before the same arbitrator or before a new arbitrator appointed in accordance with this article." In the event that the court denies a motion to vacate, the court is required to confirm the award (see CPLR 7511[e]).
Since the Supreme Court supported its determination to remit the matter to the Rabbinical Court, which conducted the arbitration, for a rehearing and determination by citing to CPLR 7511(d), the court necessarily vacated the arbitration award. Moreover, the court, in effect, denied the petition to confirm the arbitration award, granted Asia's cross motion to vacate the arbitration award, and dismissed the proceeding, since the order appealed from did not state that the arbitration award was being confirmed (see CPLR 7511[e]). As a result, Asia is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 147; State Farm Mut. Auto. Ins. v Vitiello, 289 AD2d 393, 394; see also Pillai v Pillai, 153 AD3d 1290, 1291-1292).
Accordingly, we dismiss the appeal.
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court