Matter of Dawson v Iskhakov (2023 NY Slip Op 02660)

Matter of Dawson v Iskhakov

2023 NY Slip Op 02660

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.

2022-07831
 (Docket No. F-12323-21)

[*1]In the Matter of Yulia Dawson, appellant,
v
Dmitriy Iskhakov, respondent.

Lawrence P. LaBrew, New York, NY, for appellant.
Corallo & Corallo, Amityville, NY (Gerald A. Corallo of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Kings County (Gregory Gliedman, J.), dated September 1, 2022. The order denied the mother's objections to so much of an order of the same court (Danielle A. Noel, S.M.) dated July 14, 2022, as, without a hearing, dismissed that branch of the petition which was for an order of child support.
ORDERED that the order dated September 1, 2022, is affirmed, with costs.
The parties were divorced and have one child together. In a judgment of divorce of the Supreme Court, New York County, dated April 17, 2017, issued on consent, the parties agreed that they would each pay child support to the child's maternal grandmother. In June 2021, the mother filed the instant petition, seeking, inter alia, an order of child support. In an order dated July 14, 2022, a Support Magistrate, among other things, without a hearing, dismissed that branch of the petition for lack of subject matter jurisdiction. Thereafter, the mother filed objections to so much of the Support Magistrate's order as dismissed that branch of the petition. In an order dated September 1, 2022, the Family Court denied the mother's objections. The mother appeals.
"It is axiomatic that the Family Court possesses only the power which is explicitly conferred on it by statute" (Matter of Martin v Martin, 127 AD2d 266, 269). Pursuant to Family Court Act § 461(a), "[i]n the absence of an order of the supreme court or of another court of competent jurisdiction requiring support of the child, the family court may entertain a petition and make an order for its support." Family Court Act § 461(b) further clarifies that, where "an order of the supreme court or of another court of competent jurisdiction requires support of the child," the Family Court may only entertain applications to enforce or modify the order (see Matter of Nimkoff v Nimkoff, 147 AD3d 850, 851).
Here, the petition sought, inter alia, to establish an order of support rather than modify or enforce an existing order. Because there was already an order of support in effect that was issued by the Supreme Court, the Support Magistrate did not have jurisdiction to entertain that branch of the petition (see Family Court Act § 461[a], [b]; Matter of Nimkoff v Nimkoff, 147 AD3d at 851). Contrary to the mother's contention, the Support Magistrate could not have corrected that branch of the petition under CPLR 103 or 2001, so as to gain subject matter jurisdiction over the proceeding [*2](see Matter of Grskovic v Holmes, 111 AD3d 234, 240; MacLeod v County of Nassau, 75 AD3d 57, 65; Matter of Miller v Waters, 51 AD3d 113, 117; Matter of Carpenter v Reiter, 231 AD2d 629, 629).
BARROS, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court